351 So.2d 981 (1977)
IN RE PROPOSED FLORIDA APPELLATE RULES.
No. 50409.
Supreme Court of Florida.
October 27, 1977.
On Reconsideration December 22, 1977.
Russell Troutman, President, Orlando, Marshall R. Cassedy, Executive Director, Tallahassee and W.H.F. Wiltshire, Chairman, Appellate Rules Committee, Pensacola, for The Florida Bar, petitioner.
PER CURIAM.
Following three years of analyzing appellate practices in Florida under our 1962 Florida Appellate Rules, the Appellate Rules Committee of The Florida Bar in October 1976 submitted to the Court for adoption a wholly new set of appellate rules. Pursuant to Rule 2.1(g) of the 1962 Rules, the chief justice directed the Court's advisory committee on rules to study the proposal of the bar committee and to submit its recommendation to the Court. The advisory committee has now completed its evaluation and requests the Court to adopt the Florida Rules of Appellate Procedure (1977 Revision) and to publish with these rules the accompanying Commentary which the advisory committee has approved. Pursuant to the rule-making authority vested in this Court under Article V, Section 2(a) of the Florida Constitution, we adopt the Florida Rules of Appellate Procedure (1977 Revision) and we direct publication of the Commentary with them.
At oral argument on the new rules it became apparent that certain provisions in the new rules could be re-worked to some degree to resolve minor ambiguities and to meet the objections of some protestants. We have endeavored to redraft these provisions in light of the written and oral presentations made to the Court. The more significant rule changes made by the Court, together with appropriate Commentary changes, include:
(1) A rule [9.100(D)] to establish procedures for the review of orders excluding the press or public, designed to meet the appellate aspects of the problem confronted in English v. McCrary, 348 So.2d 293 (Fla. 1977).
(2) Renumbering of the rules to group related rules within a series denominated by the first number to the right of the decimal.
(3) A change in the effective date provision [9.010] to move the effective date of the rules to 12:01 A.M., March 1, 1978, and to add a transitional provision to clarify the applicability of the former rules to appellate proceedings commenced prior to the effective date of the new rules.
(4) A change in the language of the filing fee provision [9.040(F)] to allow the payment of filing fees by cash, as under present rules.
*982 (5) Changes in the rule on criminal appeals:
(a) to require not only an express reservation of the right of appeal in conjunction with a plea of nolo contendere, where desired, but the identification of the specific point of law being reserved [9.140(B)(1)];
(b) to enable counsel for the non-indigent defendant to obtain a copy of the record upon request at a price not to exceed the clerk's cost of preparation [9.140(D)];
(c) to add a parenthetical clause to make clear that trial counsel has a duty to work together with appellate counsel, where the two are different, in determining what portions of the transcript are to be designated on appeal by an indigent defendant [9.140(D)];
(d) to permit but not require briefs and oral arguments on appeals from summary denials of Rule 3.850 motions [9.140(G)]; and
(e) to delete a provision which would have automatically tolled the running of time for a speedy trial during the pendency of an appeal under these rules.
(6) Elimination of the color coding for briefs [9.210(A)(1)];
(7) The addition of a requirement that motions for extensions of time contain a certificate by counsel that opposing counsel has been consulted and either acquiesces or will file objections [9.300(A)];
(8) Addition of a provision that the grant or denial of a certiorari request to the Supreme Court is not subject to a motion for rehearing or clarification [9.330(D)]; and
(9) Addition of a rule [9.520] to codify current procedures for recommendations received from the Judicial Qualifications Commission.
To insure the technical accuracy and clarity of the new rules, and to guarantee again that all interested parties have an opportunity to familiarize themselves with the new rules and to offer their views before these provisions become effective, we invite all interested persons to submit to the Court, not later than December 1, 1977, any comments or requests for clarification as to the rules or the Commentary. Any proposal for a change in the rules should contain the precise language which the proponent would have the Court add, delete or change.
Absent any modifications by the Court before January 1, 1978, the following rules shall take effect on 12:01 A.M., March 1, 1978. All references to judicial administration have been deleted from these rules, to be compiled and promulgated in the near future as a set of rules dealing solely with judicial administration matters.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I respectfully dissent to the order adopting the new appellate rules. Whatever benefits flow from the changes are offset by the expenditure of funds and time by the legal profession in acquiring and learning them.
What is needed is a set of rules which would speed and streamline appellate processes to prevent long delays after trial court proceedings.

ON RECONSIDERATION
PER CURIAM.
On October 27, 1977, we adopted a new set of appellate rules to become effective on March 1, 1978, reserving the right to alter the proposed rules before January 1, 1978, on the basis of additional comments received *983 from interested persons. We have received numerous suggestions for technical and substantive changes, for which we are grateful. Having considered all of these suggestions and adopted several, we now adopt the following Florida Rules of Appellate Procedure (1977 Revision) effective at 12:01 A.M., March 1, 1978.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents. Prior dissenting opinion of October 27, 1977, applies.

Introductory Note to Florida Rules of Appellate Procedure
These rules are the culmination of nearly four years of study and discussion. In the autumn of 1973 the Florida Supreme Court called upon the Court Rules Steering Committee of The Florida Bar to conduct an intensive study of the existing appellate rules of procedure. The Florida Appellate Rules Committee, under Chairman William H.F. Wiltshire, Pensacola, and Vice Chairman Judge Robert T. Mann, Second District Court of Appeal; Judge Stephen H. Grimes, Second District Court of Appeal; and Henry P. Trawick, Jr., Sarasota, held extensive hearings over a period of nearly three years. On September 17, 1976, the Committee's proposal was approved by the Board of Governors of The Florida Bar and on October 14, 1976, the proposal as approved was submitted to the Supreme Court of Florida.
By direction of the Supreme Court of Florida, the Advisory Committee on Appellate Rules, created by Rule 2.1(g) of the former rules, conducted further proceedings over a period of five months under the Chairmanship of Justice Arthur J. England, Jr., The Supreme Court of Florida. Voting members: Judge Guyte P. McCord, Jr., First District Court of Appeal; Judge Joseph P. McNulty, Second District Court of Appeal; Judge Thomas H. Barkdull, Jr., Third District Court of Appeal; Judge James C. Downey, Fourth District Court of Appeal; Judge Howell W. Melton, Seventh Judicial Circuit, St. Johns County; Woodie A. Liles, former Public Counsel for the Citizens of Florida; William H.F. Wiltshire, Pensacola; and Robert Orseck, Miami. Non-voting participants: James D. Little, Miami; Tobias Simon, Miami; Lawrence J. Robinson, Sarasota; C. Marie King, Tampa; Andrew A. Graham, Cocoa; and Joan H. Bickerstaff, Cocoa. Minutes and Commentary: Michael P. McMahon, Research Aide to Justice Arthur J. England, Jr.
The Florida appellate rules, 1977 Revision, and accompanying Commentary, were submitted by the Advisory Committee to the Florida Supreme Court for its consideration and final approval on April 13, 1977. A summary of the proposed rules was published in the Florida Bar Journal, following which the Florida Appellate Rules Committee met to consider changes proposed by the Advisory Committee. Oral argument on the proposed rules was held on June 24, 1977. Limited portions of this Commentary have been added by the Supreme Court of Florida to explain modifications adopted by the Court after the proposed rules were submitted.
It was the intent of the many persons involved in the drafting of these revised rules to implement the public policy of Florida that appellate procedures operate to protect rather than thwart the substantive legal rights of the people by alleviating existing burdens on the judicial system, by reducing the cost of appeals, by standardizing and expediting the appellate process, and by eliminating unnecessary technical procedures which have at times frustrated the cause of justice.

*984
 INDEX
Rule Number Page
9.010 Effective Date and Scope 984
9.020 Definitions 985
9.030 Jurisdiction of Courts 987
 (a) Jurisdiction of Supreme Court 987
 (b) Jurisdiction of District Courts of Appeal 987
 (c) Jurisdiction of Circuit Courts 988
9.040 General Provisions 988
9.100 Original Proceedings 990
9.110 Appeal Proceedings to Review Final Orders of Lower Tribunals
 and Orders Granting New Trial in Jury and Non-Jury
 Cases 993
9.120 Certiorari Proceedings to Review Orders of District Courts
 of Appeal 995
9.130 Proceedings to Review Non-Final Orders 997
9.140 Appeal Proceedings in Criminal Cases 999
9.200 The Record 1002
9.210 Briefs 1005
9.220 Appendix 1007
9.300 Motions 1008
9.310 Stay Pending Review 1009
9.320 Oral Argument 1010
9.330 Rehearing; Clarification 1011
9.340 Mandate 1011
9.350 Dismissal of Causes 1012
9.360 Parties 1012
9.370 Amicus Curiae 1013
9.400 Costs and Attorney's Fees 1013
9.410 Sanctions 1013
9.420 Filing; Service of Copies; Computation of Time 1013
9.430 Proceedings by Indigents 1015
9.440 Attorneys 1015
9.500 Advisory Opinions to Governor 1016
9.510 Certified Questions from Federal Courts 1016
9.520 Judicial Discipline, Removal, Retirement and Suspension 1016
9.600 Jurisdiction of Lower Tribunal Pending Review 1017
9.700 Guide to Times for Acts Under Rules 1018
9.800 Uniform Citation System 1019
9.900 Forms 1020

Rule 9.010 Effective Date and Scope These rules, cited as "Florida Rules of Appellate Procedure", and abbreviated "Fla.R. App.P.", shall take effect at 12:01 a.m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in the Supreme Court, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction described by Rule 9.030(c); provided that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court *985 in which it is then pending in accordance with the Florida Appellate Rules, 1962 Revision. These rules shall supersede all conflicting rules and statutes.

Commentary
The rules have been re-numbered to conform with the numbering system adopted by the Florida Supreme Court for all of its rules of practice and procedure, and to avoid confusion with the former rules which have been extensively revised. The abbreviated citation form to be used for these rules appears in this rule and in Rule 9.800(h).
This rule sets an effective date and retains the substance of former Rules 1.1, 1.2 and 1.4. A transition provision has been incorporated to make clear that proceedings already in the appellate stage prior to the effective date will continue to be governed by the former rules until the completion of appellate review in the court in which it is pending on the effective date. If review is sought after March 1, 1978, of an appellate determination made in a proceeding which was filed in the appellate court before that date, the higher court may allow review to proceed under the former rules if an injustice would result from required adherence to the new rules. Unnecessary language has been deleted and the wording has been simplified. Specific reference has been made to Rule 9.030(c) in order to clarify those aspects of the jurisdiction of the circuit courts governed by these rules.

Rule 9.020 Definitions
The following terms have the meanings shown as used in these rules:
(a) Administrative action: an order of any public official, including the Governor in the exercise of all executive powers other than those derived from the Constitution, or of any agency, department, board or commission of the State or any political subdivision, including municipalities.
(b) Clerk: the person or official specifically designated as such for the court or lower tribunal; if no person or official has been specifically so designated, the official or agent who most closely resembles a clerk in the functions performed.
(c) Court: the Supreme Court; the district courts of appeal; and the circuit courts in the exercise of the jurisdiction described by Rule 9.030(c); and includes the Chief Justice of the Supreme Court and the chief judge of a district court of appeal in the exercise of constitutional, administrative or supervisory powers on behalf of such courts.
(d) Lower tribunal: the court, agency, officer, board, commission or body whose order is to be reviewed.
(e) Order: a decision, order, judgment, decree or rule of a lower tribunal, excluding minutes and minute book entries.
(f) Parties:

 (1) Appellant: a party who seeks to invoke
 the appeal jurisdiction
 of a court.
 (2) Appellee: every party in the proceeding
 in the lower
 tribunal other than an
 appellant.
 (3) Petitioner: a party who seeks an
 order under Rule 9.100
 or Rule 9.120.
 (4) Respondent: every other party in a
 proceeding brought by
 a petitioner.

(g) Rendition (of an order): the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.

Commentary
This rule supersedes former Rule 1.3. Throughout these rules the defined terms have been used in their technical sense only, and are not intended to alter substantive law. Instances may arise where the context of the rule requires a different meaning *986 for a defined term, but these should be rare.
The term "administrative action" is new and has been defined to make clear the application of these rules to judicial review of administrative agency action. This definition was not intended to conflict with the Administrative Procedure Act, Chapter 120, Florida Statutes (1975), but was intended to include all administrative agency action as defined in the Administrative Procedure Act. The reference to municipalities is not intended to conflict with Article VIII, Section 1(a), Florida Constitution, which makes counties the only political subdivisions of the state.
The term "clerk" retains the substance of the term "clerk" defined in the former rules. This term includes the person who in fact maintains records of proceedings in the lower tribunal where no person is specifically and officially given that duty.
The term "court" retains the substance of the term "court" defined in the former rules, but has been modified to recognize the authority delegated to the Chief Justice of the Supreme Court and to the chief judges of the district courts of appeal. This definition was not intended to broaden the scope of these rules in regard to the administrative responsibilities of the mentioned judicial officers. The term is used in these rules to designate the court to which a proceeding governed by these rules is taken. When Supreme Court review of a district court of appeal decision is involved, the district court of appeal is the "lower tribunal".
The term "lower tribunal" includes courts and administrative agencies. It replaces the terms "commission", "board" and "lower court" defined in the former rules.
The term "order" has been broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency. Minute book entries are excluded from the definition in recognition of the decision in Employers' Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla. 1976). It was intended that this rule encourage the entry of written orders in every case.
The terms "appellant", "appellee", "petitioner" and "respondent" have been defined according to the rule applicable to a particular proceeding and generally not according to the legal nature of the proceeding before the court. The term "appellee" has been defined to include the parties against whom relief is sought and all others necessary to the cause. This rule supersedes all statutes concerning the same subject matter, such as Section 924.03, Florida Statutes (1975). It should be noted that where a certiorari proceeding is specifically governed by a rule which only refers to "appellant" and "appellee", a "petitioner" and "respondent" should proceed as if they were "appellant" and "appellee", respectively. For example, certiorari proceedings in the Supreme Court involving the Public Service Commission and Industrial Relations Commission are specifically governed by Rule 9.110 even though that rule only refers to "appellant" and "appellee". The parties in such a certiorari proceeding remain designated as "petitioner" and "respondent", since as a matter of substantive law the party invoking the Court's jurisdiction is seeking a writ of certiorari. The same is true of Rule 9.200 governing the record in such certiorari proceedings.
The term "rendition" has been simplified and unnecessary language deleted. The filing requirement of the definition was not intended to conflict with the substantive right of review guaranteed by the Administrative Procedure Act, Section 120.68(1), Florida Statutes (Supp. 1976), but to set a point from which certain procedural times could be measured. Motions which postpone the date of rendition have been narrowly limited to prevent deliberate delaying tactics. To postpone rendition the motion must be timely, authorized and one of those listed. However, where the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed by a different label, the substance *987 of the motion controls and rendition is postponed accordingly.
The definition of "legal holiday" has been eliminated but its substance has been retained in Rule 9.420(e).
The term "bond" is defined in Rule 9.310(c)(1).
Terms defined in the former rules and not defined here are intended to have their ordinary meanings in accordance with the context of these rules.

Rule 9.030 Jurisdiction of Courts

(a) Jurisdiction of Supreme Court.

(1) Appeal Jurisdiction.

(A) The Supreme Court shall review, by appeal:
(i) final orders of courts imposing sentences of death;[1]
(ii) final orders of trial courts and decisions of district courts of appeal initially and directly passing on the validity of a state statute or a federal statute or treaty, or construing a provision of the state or federal constitution.[2]
(B) When provided by general law, the Supreme Court shall review, by appeal:
(i) final orders of courts imposing sentences of life imprisonment;
(ii) final orders entered in proceedings for the validation of bonds or certificates of indebtedness.[3]
(2) Certiorari Jurisdiction. The certiorari jurisdiction of the Supreme Court may be sought to review:
(A) decisions of district courts of appeal that:[4]
(i) affect a class of constitutional or state officers;
(ii) pass upon a question certified to be of great public interest;
(iii) are in direct conflict with a decision of any district court of appeal or of the Supreme Court on the same point of law;
(B) any interlocutory order passing upon a matter which, upon final judgment, would be directly reviewable by the Supreme Court;[6]
(C) administrative action, including final orders of commissions established by general law having statewide jurisdiction.[2]
(3) Original Jurisdiction.[6] The Supreme Court may issue writs of prohibition to lower tribunals in causes within the jurisdiction of the Court to review; writs of mandamus and quo warranto to state officers and agencies; all writs necessary to the complete exercise of the Court's jurisdiction; or any justice may issue writs of habeas corpus returnable before the Supreme Court or any justice, a district court of appeal or any judge thereof, or any circuit judge.

(b) Jurisdiction of District Courts of Appeal.

(1) Appeal Jurisdiction. District courts of appeal shall review, by appeal:
(A) final orders[1] or[2] not directly reviewable by the Supreme Court or a circuit court;
(B) non-final orders of lower tribunals as prescribed by Rule 9.130(a)(3);[5]
(C) administrative action when provided by general law.[2]
(2) Certiorari Jurisdiction.[6] The certiorari jurisdiction of district courts of appeal may be sought to review:
(A) non-final orders of lower tribunals other than as prescribed by Rule 9.130;
(B) final orders of circuit courts acting in their review capacity.
(3) Original Jurisdiction.[6] District courts of appeal may issue writs of mandamus, prohibition, quo warranto, common law certiorari and all writs necessary to the complete exercise of the courts' jurisdiction; or any judge thereof may issue writs of habeas corpus returnable before the court or any judge thereof, or before any circuit judge within the territorial jurisdiction of the court.

*988 (c) Jurisdiction of Circuit Courts.

(1) Appeal Jurisdiction. The circuit courts shall review, by appeal:
(A) final orders of lower tribunals as provided by general law;[1] or[2]
(B) non-final orders of lower tribunals as prescribed by Rule 9.130(a)(3);[5]
(C) administrative action when provided by law.[2]
(2) Certiorari Jurisdiction.[6] The certiorari jurisdiction of circuit courts may be sought to review non-final orders of lower tribunals other than as prescribed by Rule 9.130.
(3) Original Jurisdiction.[6] Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, habeas corpus and all writs necessary to the complete exercise of the courts' jurisdiction.
1. 9.140: Appeal Proceedings in Criminal Cases.
2. 9.110: Appeal Proceedings: Final Orders.
3. 9.110 (i): Validation of Bonds.
4. 9.120: Certiorari: to District Courts of Appeal.
5. 9.130: Non-Final Orders.
6. 9.100: Original Proceedings.

Commentary
This rule replaces former Rules 2.1(a)(5) and 2.2(a)(4). It sets forth the jurisdiction of the Supreme Court, district courts of appeal, and that portion of the jurisdiction of the circuit courts to which these rules apply. It paraphrases Sections 3(b), 4(b) and, in relevant part, 5(b) of Article V of the Florida Constitution. The items stating the certiorari jurisdiction of the Supreme Court and district courts of appeal refer to the constitutional jurisdiction popularly known as the "constitutional certiorari" jurisdiction of the Supreme Court and "common law certiorari" jurisdiction of the district courts of appeal. This rule is not intended to affect the substantive law governing the jurisdiction of any court and should not be considered as authority for the resolution of disputes concerning any court's jurisdiction. Its purpose is to provide a tool of reference to the practitioner so that ready reference may be made to the specific procedural rule or rules governing a particular proceeding. Footnote references have been made to the rule or rules governing proceedings invoking the listed area of jurisdiction.
This rule does not set forth the basis for the issuance of advisory opinions by the Supreme Court to the Governor since the power to advise rests with the justices under Article IV, Section 1(c) of the Florida Constitution, and not the Supreme Court as a body. The procedure governing requests from the Governor for advice are set forth in Rule 9.500.
The Advisory Committee considered and rejected as unwise a proposal to permit the chief judge of each judicial circuit to modify the applicability of these rules to his circuit. These rules may be modified in a particular case, of course, by an agreed joint motion of the parties granted by the court so long as the change does not affect jurisdiction.

Rule 9.040 General Provisions
(a) Complete Determination. In all proceedings a court shall have such jurisdiction as may be necessary for a complete determination of the cause.
(b) Forum. If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
(c) Remedy. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
(d) Amendment. At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect *989 that does not adversely affect the substantial rights of the parties.
(e) Assignments of Error. Assignments of error are neither required nor permitted.
(f) Filing Fees. Filing fees may be paid by check or money order.
(g) Clerks' Duties. Upon filing of a notice prescribed by these rules, the clerk shall forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. When jurisdiction has been invoked pursuant to Rule 9.030(a)(2)(A)(ii) (certificate of great public interest), the clerk of the district court of appeal shall transmit copies of the certificate and decision with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases shall be recorded.
(h) Non-Jurisdictional Matters. Failure of a clerk or a party timely to file fees or additional copies of notices or petitions shall not be jurisdictional; provided that such failure may be the subject of appropriate sanction.

Commentary
This rule sets forth several miscellaneous matters of general applicability.
Section (a) is derived from the last sentence of former Rule 2.1(a)(5)(a), which concerned direct appeals to the Supreme Court. This provision is intended to guarantee that once the jurisdiction of any court is properly invoked, the court may determine the entire case to the extent permitted by substantive law. This rule does not extend or limit the constitutional or statutory jurisdiction of any court.
Sections (b) and (c) implement Article V, Section 2(a) of the Florida Constitution. Former Rule 2.1(a)(5)(d) authorized transfer when an improper forum was chosen, but the former rules did not address the problem of improper remedies being sought. The Advisory Committee does not consider it to be the responsibility of the court to seek the proper remedy for any party, but a court may not deny relief because a different remedy is proper. Under these provisions a party will not automatically have his case dismissed because he seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction. All filings in the case have the same legal effect as though originally filed in the court to which transfer is made. This rule is intended to supersede Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969), where a petition for a common law writ of certiorari was dismissed by the district court of appeal because review was properly by appeal to the appropriate circuit court, and Engel v. City of North Miami, 115 So.2d 1 (Fla. 1959), where a petition for a writ of certiorari was dismissed because review should have been by appeal. Under this rule, a petition for a writ of certiorari should be treated as a notice of appeal, if timely.
Section (d) is the appellate procedure counterpart of the harmless error statute, Section 59.041, Florida Statutes (1975). It incorporates the concept contained in former Rule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced. Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, where it would not result in irremediable prejudice.
Section (e) is intended to make clear that assignments of error have been abolished by these rules. It is not intended to extend the scope of review to matters other than judicial acts. Where less than the entire record as defined in Rule 9.200(a)(1) is to be filed, Rule 9.200(a)(2) requires service of a statement of the judicial acts for which review is sought. This requirement also applies under Rule 9.140(d). As explained in the Commentary accompanying those provisions, such a statement does not have the same legal effect as an assignment of error under the former rules.
*990 Section (f) permits payment of filing fees by check or money order and carries forward the substance of former Rule 3.2(a), which allowed payments in cash.
Section (g) is derived from former Rules 3.2(a) and (e). Under these rules, notices and fees are filed in the lower tribunal unless specifically stated otherwise. The clerk must transmit the notice and fees immediately. This requirement replaces the provision of the former rules that the notice be transmitted within five days. The Advisory Committee was of the view that no reason existed for any delays. The term "forthwith" should not be construed to prevent the clerk from delaying transmittal of a notice of criminal appeal for which no fee has been filed for the period of time necessary to obtain an order regarding solvency for appellate purposes and the appointment of the public defender for an insolvent defendant. This provision requires recording of the notice where review of a final trial court order in a civil case is sought. When Supreme Court jurisdiction is invoked on the basis of the certification of a question of great public interest, the clerk of the district court of appeal is required to transmit a copy of the certificate and the decision to the Court along with the notice and fees.
Section (h) is intended to implement the decision in Williams v. State, 324 So.2d 74 (Fla. 1975), where it was held that only the timely filing of the notice of appeal is jurisdictional. The proviso permits the court to impose sanctions where there is a failure to timely file fees or copies of the notice or petition.
The Advisory Committee considered and rejected as too difficult to implement a proposal of the Bar Committee that the style of a cause should remain the same as in the lower tribunal.
It should be noted that these rules abolish the practice of permitting Florida trial courts to certify questions to an appellate court. The former rules relating to the internal government of the courts and the creation of the Advisory Committee have been eliminated as irrelevant to appellate procedure. At its conference of June 27, however, the Court unanimously voted to establish a committee to, among other things, prepare a set of administrative rules to incorporate matters of internal governance formerly contained in the appellate rules. The Advisory Committee has recommended that its existence be continued by the Supreme Court.

Rule 9.100 Original Proceedings
(a) Applicability. This rule applies to those proceedings which invoke the jurisdiction of the courts described in Rule 9.030(a)(2)(B); (a)(3); (b)(2); (b)(3); (c)(2) and (c)(3) for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, habeas corpus and all writs necessary to the complete exercise of the courts' jurisdiction; and for review of non-final administrative action.
(b) Commencement. The original jurisdiction of the court shall be invoked by filing a petition, accompanied by a filing fee if prescribed by law, with the clerk of the court deemed to have jurisdiction.
(c) Exception; Common Law Certiorari. A petition for common law certiorari shall be filed within 30 days of rendition of the order to be reviewed. A copy shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.
(d) Exception; Orders Excluding Press or Public.
(1) A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the appropriate district court of appeal as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral. A copy shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding.
*991 (2) The district court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal is appropriate, and on its own motion or that of any party the court may order a stay on such conditions as may be appropriate.
(3) If requested by the petitioner or any party, or on its own motion, the court may allow oral argument.
(e) Petition. The caption shall contain the name of the court and the name and designation of at least one party on each side. The petition shall contain:
(1) the basis for invoking the jurisdiction of the court;
(2) the facts upon which the petitioner relies;
(3) the nature of the relief sought; and
(4) argument in support thereof and appropriate citations of authority.
When the petition seeks an order directed to a lower tribunal, the petition shall be accompanied by an appendix as prescribed by Rule 9.220.
(f) Order to Show Cause. If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law, or that review of final administrative action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. In prohibition proceedings, such orders shall stay further proceedings in the lower tribunal.
(g) Record. A record shall not be transmitted to the court unless ordered.
(h) Response. Within the time set by the court, the respondent may serve a response, which shall include argument in support thereof and appropriate citations of authority, and may serve a supplemental appendix.
(i) Reply. Within 20 days thereafter or such other time set by the court, the petitioner may serve a reply and supplemental appendix.

Commentary
This rule replaces former Rule 4.5, except that the procedures applicable to Supreme Court review of decisions of the district courts of appeal on writs of constitutional certiorari are set forth in Rule 9.120; and Supreme Court direct review of administrative action on writs of certiorari is governed by Rule 9.110. This rule governs proceedings invoking the Supreme Court's jurisdiction to review an interlocutory order passing upon a matter where on final judgment a direct appeal would lie in the Supreme Court. The procedures set forth in this rule implement the Supreme Court's decision in Burnsed v. Seaboard Coastline R.R. Co., 290 So.2d 13 (Fla. 1974), that such interlocutory review rests solely within its discretionary certiorari jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution, and that its jurisdiction would be exercised only where on the peculiar circumstances of a particular case the public interest required it. This rule abolishes the wasteful current practice in such cases of following the procedures governing appeals, with the Supreme Court treating such appeals as petitions for the writ of certiorari. This rule requires that these cases be prosecuted as petitions for the writ of certiorari.
This rule also provides the procedures necessary to implement the Administrative Procedure Act, Section 120.68(1), Florida Statutes (Supp. 1976), which provides for judicial review of non-final agency action "if review of the final agency decision would not provide an adequate remedy." It was the opinion of the Advisory Committee that such a right of review is guaranteed by the statute and is not dependent on a court rule, since Article V, Section 4(b)(2) of the Florida Constitution provides for legislative grants of jurisdiction to the district courts to review administrative action without regard to the finality of that action. The Advisory Committee was also of the view that the right of review guaranteed by the statute is no broader than the generally available common law writ of certiorari, *992 although the statutory remedy would prevent resort to an extraordinary writ.
Sections (b) and (c) set forth the procedure for commencing an extraordinary writ proceeding. The time for filing a petition for common law certiorari is jurisdictional. Where common law certiorari is sought to review an order issued by a lower tribunal consisting of more than one person, a copy of the petition should be furnished to the chairperson of that tribunal.
Section (d) sets forth the procedure for appellate review of orders excluding the press or public from access to proceedings or records in the lower tribunal. It establishes an entirely new and independent means of review in the district courts, in recognition of the decision in English v. McCrary, 348 So.2d 293 (Fla. 1977), to the effect that a writ of prohibition is not available as a means to obtain review of such orders. Copies of the notice must be served on all parties to the proceeding in the lower tribunal, as well as the person who, or the chairperson of the agency which issued the order.
No provision has been made for an automatic stay of proceedings, but the district court is directed to consider the appropriateness of a stay immediately upon the notice being filed. Ordinarily an order excluding the press and public will be entered well in advance of the closed proceedings in the lower tribunal, so that there will be no interruption of the proceeding by reason of the appellate review. In the event a challenged order is entered immediately before or during the course of a proceeding and it appears that a disruption of the proceeding will be prejudicial to one or more parties, the reviewing court on its own motion or at the request of any party shall determine whether to enter a stay or to allow the lower tribunal to proceed pending review of the challenged order. See State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904, 911 (Fla. 1977).
This new provision implements the "strict procedural safeguards" requirement laid down by the United States Supreme Court in National Socialist Party of America v. Village of Skokie, 432 U.S. 43, 97 S.Ct. 2205, 53 L.Ed.2d 96 (1977). In that case the Court held that state restraints imposed on activities protected by the First Amendment must either be immediately reviewable or subject to a stay pending review.
Section (e) sets forth the contents of the initial pleading. The party seeking relief must file a petition stating the authority by which the court has jurisdiction of the case, the relevant facts, the relief sought and argument supported by citations of authority. This rule does not allow the petitioner to file a brief. Any argument or citations of authority which the petitioner desires to place before the court must be contained in the petition. This change in procedure is intended to eliminate the wasteful current practice of filing repetitive petitions and briefs. Under section (g) no record is required to be filed unless the court so orders, but under section (e) the petitioner must file an appendix to the petition containing conformed copies of the order to be reviewed and other relevant material, including portions of the record, if a record exists. The appendix should also contain any documents which support the allegations of fact contained in the petition. A lack of supporting documents may, of course, be considered by the court in exercising its discretion not to issue an order to show cause.
Under sections (f), (h) and (i), if the allegations of the petition, if true, would constitute grounds for relief, the court may exercise its discretion to issue an order requiring the respondent to show cause why the requested relief should not be granted. A single responsive pleading (without a brief) may then be served, accompanied by a supplemental appendix, within the time period set by the court in its order to show cause. The petitioner is then allowed 20 days to serve a reply and supplemental appendix, unless the court sets another time. It should be noted that the times for response and reply are computed by reference to service rather than filing. This practice is consistent throughout these rules except for initial, jurisdictional filings. The emphasis on service, of course, does not relieve *993 counsel of the responsibility for filing original documents with the court as required by Rule 9.420(b); it merely affects the time measurements.
Except as provided automatically under section (f), a stay pending resolution of the original proceeding may be obtained under Rule 9.310.
Transmittal of the record pursuant to order of the court under section (g) shall be in accordance with the instructions and times set forth in the order.

Rule 9.110 Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases
(a) Applicability. This rule applies to those proceedings which:
(1) invoke the appeal jurisdiction of the courts described in Rule 9.030(a)(1); (b)(1)(A) and (c)(1)(A);
(2) seek review of administrative action described in Rule 9.030(a)(2)(C); (b)(1)(C) and (c)(1)(C); and
(3) seek review of orders granting new trial in jury and non-jury civil and criminal cases described in Rules 9.130 and 9.140(c)(1)(C).
(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Exception; Administrative Action. In appeal of administrative action, the appellant shall pay the fee and file the second copy of the notice with the court.
(d) Notice. The notice shall be substantially in the form prescribed by Rule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least one party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition and the nature of the order to be reviewed.
(e) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by Rule 9.200 and serve copies of the index on all parties. Within 110 days of filing the notice, the clerk shall transmit the record to the court.
(f) Briefs. Appellant's initial brief shall be served within 70 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(g) Cross Appeal. An appellee may cross appeal by serving a notice within 10 days of service of the appellant's notice or within the time prescribed in section (b) of this rule, whichever is later. No filing fee shall be required for a cross appeal.
(h) Scope of Review. The court may review any ruling or matter occurring prior to filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.
(i) Exception; Bond Validation Proceedings. Where the appeal is from an order in a proceeding to validate bonds or certificates of indebtedness, the record shall not be transmitted unless ordered by the Supreme Court. Appellant's initial brief, accompanied by an appendix as prescribed by Rule 9.220, shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(j) Exception; Appeal Proceedings from District Courts of Appeal. Where the appeal is from an order of a district court of appeal, the clerk shall transmit the record to the court within 60 days of filing the notice. Appellant's initial brief shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.

Commentary
This rule replaces former Rules 3.1, 3.5, 4.1, 4.3, 4.4 and 4.7. It applies where (1) a final order has been entered by a court or administrative agency; (2) a motion for a new trial in a jury case is granted; or (3) a motion for rehearing in a non-jury case is granted and the lower tribunal orders new testimony. It should be noted that certain other non-final orders entered after final order are reviewable under the procedure set forth in Rule 9.130. This rule does not apply to review proceedings in such cases.
*994 Except to the extent of conflict with Rule 9.140 governing appeals in criminal cases, this rule governs: (1) appeals as of right to the Supreme Court; (2) certiorari proceedings before the Supreme Court seeking direct review of administrative action (for example, Industrial Relations Commission and Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, Section 120.68, Florida Statutes (Supp. 1976); (4) appeals as of right to a circuit court, including review of administrative action when provided by law.
This rule is intended to clarify the procedure for review of orders granting a new trial. Rules 9.130(a)(4) and 9.140(c)(1)(C) authorize the appeal of orders granting a motion for new trial. Those rules supersede Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla. 1974), and are consistent with the decision there. In civil cases the procedures to be followed are those set forth in this rule. Under section (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The Supreme Court has held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible... ." Bowen v. Willard, 340 So.2d 110, 112 (Fla. 1976). This rule implements that decision.
Sections (b) and (c) establish the procedure for commencing an appeal proceeding. Within 30 days of the rendition of the final order the appellant must file two copies of the notice of appeal, accompanied by the appropriate fees, with the clerk of the lower tribunal; except that where review of administrative action is sought, one copy of the notice and the applicable fees must be filed in the court. Failure to file any notice within the 30 day period constitutes an irremediable jurisdictional defect, but the second copy and fees may be filed after the 30 day period, subject to sanctions imposed by the court. See Fla.R.App.P. 9.040(h), and Williams v. State, 324 So.2d 74 (Fla. 1975).
Section (d) sets forth the contents of the notice, and eliminates the requirement of the former rule that the notice show the place of recordation of the order to be reviewed. The rule requires substantial compliance with the form approved by the Supreme Court. The date of rendition of the order for which review is sought must appear on the face of the notice. See the definition of "rendition" in Florida Rule of Appellate Procedure 9.020, and see the judicial construction of "rendition" for an administrative rule in Florida Admin. Comm'n v. Judges of the District Court, 351 So.2d 712, Case No. 50,242 (Fla. Oct. 14, 1977), on review of Riley-Field Co. v. Askew, 336 So.2d 383 (Fla. 1st DCA 1976). This requirement is intended to allow the clerk of the court to determine the timeliness of the notice from its face. The Advisory Committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.
This rule works significant changes in the review of final administrative action. The former rules required that a traditional petition for the writ of certiorari be filed when Supreme Court review was appropriate and the practice under the Administrative Procedure Act, Section 120.68, Florida Statutes (Supp. 1976), has been for the "petition for review" to be substantially similar to a petition for the writ of certiorari. See Yamaha International Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975). This rule eliminates the need for true petitions in such cases. Instead, a simple notice is filed, to be followed later by briefs. It is intended that the notice constitute the petition required in Section 120.68(2), Florida Statutes (Supp. 1976). There is no conflict with the statute since the substance of the review proceeding remains controlled by the statute and the Legislature directed review be pursuant to the procedures set forth in these rules. Since it is a requirement of rendition that an order be written and filed, this rule supersedes Shevin ex rel. State v. Public Service Comm'n, 333 So.2d 9 (Fla. 1976), and School Bd. of Lee County v. Malbon, 341 So.2d 523 (Fla. 2d DCA 1977), *995 to the extent that those decisions assume that reduction of an order to writing is unnecessary for judicial review.
This rule is not intended to affect the discretionary nature of direct Supreme Court review of administrative action taken pursuant to the certiorari jurisdiction of that Court set forth in Article V, Section 3(b)(3) of the Florida Constitution. Such proceedings remain in certiorari with the only change being to replace wasteful, repetitive petitions for the writ of certiorari with concise notices followed at a later date by briefs. The parties to such actions should be designated as "petitioner" and "respondent" despite the use of the terms "appellant" and "appellee" in this rule. See Commentary, Fla.R.App.P. 9.020.
Sections (e), (f) and (g) set the times for preparation of the record, serving copies of the index on the parties, serving briefs and serving notices of cross appeal. Provision for cross appeal notices has been made to replace the cross assignments of error eliminated by these rules. In certiorari proceedings governed by this rule the term "cross appeal" should be read as equivalent to "cross petition". It should be noted that where time is measured by service, Rule 9.420(b) requires filing to be made before service or immediately thereafter.
Section (h) permits a party to file a single notice of appeal where a single proceeding in the lower tribunal, whether criminal or civil, results in more than one final judgment and an appeal of more than one is sought. This rule is intended to further the policies underlying the decisions of the Supreme Court in Scheel v. Advance Marketing Consultants, Inc., 277 So.2d 773 (Fla. 1973), and Hollimon v. State, 232 So.2d 394 (Fla. 1970). This rule does not authorize the appeal of multiple final judgments unless otherwise proper as to each. Where a prematurely filed notice is held in abeyance in accordance with Williams v. State, 324 So.2d 74 (Fla. 1975), the date of filing is intended to be the date the notice becomes effective.
Section (i) provides an expedited procedure in appeals as of right to the Supreme Court in bond validation proceedings. An appendix is mandatory.
Section (j) provides for an expedited procedure in appeals as of right to the Supreme Court from an order of a district court of appeal.

Rule 9.120 Certiorari Proceedings to Review Orders of District Courts of Appeal
(a) Applicability. This rule applies to those proceedings which invoke the certiorari jurisdiction of the Supreme Court described in Rule 9.030(a)(2)(A).
(b) Commencement. The jurisdiction of the Supreme Court described in Rule 9.030(a)(2)(A) shall be invoked by filing two copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice shall be substantially in the form prescribed by Rule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least one party on each side, and the case number in the lower tribunal. The notice shall contain the date of rendition of the order to be reviewed and the basis for invoking the jurisdiction of the court.
(d) Briefs on Jurisdiction. Petitioner's brief, limited solely to the issue of the Supreme Court's jurisdiction and accompanied by an appendix containing a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. Respondent's brief on jurisdiction shall be served within 20 days after service of petitioner's brief. A reply brief may be served within 10 days thereafter. When jurisdiction is invoked pursuant to Rule 9.030(a)(2)(A)(ii) (certificate of great public interest), no briefs on jurisdiction shall be filed.
(e) Accepting or Postponing Decision on Jurisdiction; Record. If the Supreme Court accepts or postpones decision on jurisdiction, the Court shall so order and advise the parties and the clerk of the district court of appeal. Within 60 days thereafter or such other time set by the Court, the clerk shall transmit the record.
*996 (f) Briefs on Merits. Within 20 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner shall serve the initial brief on the merits. Additional briefs shall be served as prescribed by Rule 9.210.

Commentary
This rule replaces former Rule 4.5(c) and governs all certiorari proceedings to review final decisions of the district courts. Certiorari proceedings to review interlocutory orders of the district courts where Supreme Court jurisdiction exists under Article V, Section 3(b)(3) of the Florida Constitution are governed by Rule 9.100.
Section (b) sets forth the manner in which certiorari proceedings in the Supreme Court are to be commenced. Petitions for the writ are abolished and replaced by a simple notice to be followed by briefs. Two copies of the notice, which must substantially comply with the form approved by the Supreme Court, are to be filed with the clerk of the district court within 30 days of rendition along with the requisite fees. Failure to timely file the fees is not jurisdictional.
Section (c) sets forth the contents of the notice. The requirement that the notice state the date of rendition, as defined in Rule 9.020, is intended to permit the clerk of the court to determine timeliness from the face of the notice. The statement of the basis for jurisdiction should be a concise reference to whether the order sought to be reviewed (1) conflicts with other Florida appellate decisions; (2) affects a class of constitutional or state officers; or (3) involves a question of great public interest certified by the district court.
Section (d) establishes the time for filing jurisdictional briefs and prescribes their content. When Supreme Court jurisdiction is based on certification of a question of great public interest no jurisdictional briefs are permitted. Briefs on the merits in such cases are to be prepared in the same manner as in other cases. Briefs on the merits are to be served within the time provided after the Court has ruled that it will accept jurisdiction or has ruled that it will postpone decision on jurisdiction.
The jurisdictional brief should be a short, concise statement of the grounds for invoking jurisdiction and the necessary facts. It is not appropriate to argue the merits of the substantive issues involved in the case or discuss any matters not relevant to the threshold jurisdictional issue. The petitioner may wish to include a very short statement of why the Supreme Court should exercise its discretion and entertain the case on the merits if it finds it does have certiorari jurisdiction. An appendix must be filed containing a conformed copy of the decision of the district court. If the decision of the district court was without opinion, or otherwise does not set forth the basis of decision with sufficient clarity to enable the Supreme Court to determine whether grounds for jurisdiction exist, a conformed copy of the order of the trial court should also be included in the appendix.
Sections (e) and (f) provide that within 60 days of the date of the order accepting jurisdiction, or postponing decision on jurisdiction, the clerk of the district court must transmit the record to the Court. The petitioner has 20 days from the date of the order to serve the initial brief on the merits. Other briefs may then be served in accordance with Rule 9.210. Briefs which are served must be filed in accordance with Rule 9.420.
It should be noted that the automatic stay provided by former Rule 4.5(c)(6) has been abolished because it encouraged the filing of frivolous petitions and was regularly abused. A stay pending review may be obtained under Rule 9.310. If a stay has been ordered pending appeal to a district court, it remains effective under Rule 9.310(e) unless the mandate issues or the district court vacates it. The Advisory Committee was of the view that the district courts should permit such stays only where essential. Factors to be considered are the likelihood that jurisdiction will be accepted by the Supreme Court, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted and the remediable quality of any such harm.

*997 Rule 9.130 Proceedings to Review Non-Final Orders

(a) Applicability.

(1) This rule applies to review of the non-final orders authorized herein in the district courts of appeal and the circuit courts. Review of other non-final orders in such courts, non-final orders in the Supreme Court, and non-final administrative action shall be by the method prescribed by Rule 9.100.
(2) Review of non-final orders in criminal cases shall be as prescribed by Rule 9.140.
(3) Review of non-final orders of lower tribunals is limited to those which:
(A) concern venue;
(B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine:
(i) jurisdiction of the person;
(ii) right to immediate possession of property;
(iii) right to immediate monetary relief or child custody in domestic relations matters; or
(iv) the issue of liability in favor of a party seeking affirmative relief.
(4) Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
(5) Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule.
(6) Review authorized by this rule shall be by the court which has jurisdiction to review the final order in the cause.
(b) Commencement. The jurisdiction to seek review of orders described in subsections (a)(3)-(5) shall be invoked by filing two copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice, designated as a notice of interlocutory appeal, shall be substantially in the form prescribed by Rule 9.110(d).
(d) Record. A record shall not be transmitted to the court unless ordered.
(e) Briefs. Appellant's initial brief, accompanied by an appendix as prescribed by Rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(f) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
(g) Review on Full Appeal. This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause.

Commentary
This rule replaces former Rule 4.2 and substantially alters current practice. This rule applies to review of all non-final orders, except those entered in criminal cases, and those specifically governed by Rules 9.100 and 9.110.
The Advisory Committee was aware that the common law writ of certiorari is available at any time and did not intend to abolish that writ. However, since that writ provides a remedy only where the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that since the most urgent interlocutory orders are appealable under this rule, there will be very few cases where common law certiorari will provide relief. See Taylor v. Board of Public Instruction of Duval County, 131 So.2d 504 (Fla. 1st DCA 1961).
Subsection (a)(3) designates certain instances in which interlocutory appeals may be prosecuted under the procedures set *998 forth in this rule. Under these rules there are no mandatory interlocutory appeals. This rule eliminates interlocutory appeals as a matter of right from all orders "formerly cognizable in equity", and provides for review of certain interlocutory orders based upon the necessity or desirability of expeditious review. Allowable interlocutory appeals from orders in actions formerly cognizable as civil actions are specified, and are essentially the same as under former Rule 4.2. Item (A) permits review of orders concerning venue. Item (C)(i) has been limited to jurisdiction over the person because the writ of prohibition provides an adequate remedy in cases involving jurisdiction of the subject matter. Since the purpose of these items is to eliminate useless labor, the Advisory Committee is of the view that stays of proceedings in lower tribunals should be liberally granted where the interlocutory appeal involves venue or jurisdiction over the person. Since this rule only applies to civil cases, item (C)(ii) does not include within its ambit rulings on motions to suppress seized evidence in criminal cases. Item (C)(ii) is intended to apply whether the property involved is real or personal. It applies to such cases as condemnation suits where a condemnor is permitted to take possession and title to real property in advance of final judgment. See Ch. 74, Fla. Stat. (1975). Item (C)(iii) is intended to apply to such matters as temporary child custody or support, alimony, suit money and attorney's fees. Item (C)(iv) allows appeals from interlocutory orders which determine liability in favor of a claimant.
Subsection (a)(4) grants a right of review where the lower tribunal grants a motion for new trial whether in a jury or non-jury case. The procedures set forth in Rule 9.110, and not those set forth in this rule, apply in such cases. This rule has been phrased so that the granting of rehearing in a non-jury case under Florida Rule of Civil Procedure 1.530 may not be the subject of an interlocutory appeal unless the trial judge orders the taking of evidence. Other non-final orders which postpone rendition are not reviewable in an independent proceeding. Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default.
Subsection (a)(5) grants a right of review of orders on motions seeking relief from a previous court order on the grounds of mistake, fraud, satisfaction of judgment or other grounds listed in Florida Rule of Civil Procedure 1.540.
Subsection (a)(6) provides that interlocutory review is to be in the court which would have jurisdiction to review the final order in the cause as of the time of the interlocutory appeal.
Sections (b) and (c) state the manner for commencing an interlocutory appeal governed by this rule. Two copies of the notice must be filed with the clerk of the lower tribunal within 30 days of rendition of the order. Under Rule 9.040(g) the notice and fee must be transmitted immediately to the court by the clerk of the lower tribunal.
Section (d) provides for transmittal of the record only on order of the court. Transmittal should be in accordance with instructions contained in the order.
Section (e) replaces former Rule 4.2(e) and governs the service of briefs on interlocutory appeals. The time to serve the appellant's brief has been reduced to 15 days in order to minimize interruption of lower tribunal proceedings. The brief must be accompanied by an appendix containing a conformed copy of the order to be reviewed and should also contain all relevant portions of the record.
Subdivision (f) makes clear that unless a stay is granted under Rule 9.310 the lower tribunal is only divested of jurisdiction to enter a final order disposing of the case. This follows the historical rule that trial courts are divested of jurisdiction only to the extent that their actions are under review by an appellate court. Thus, the lower tribunal has jurisdiction to proceed with matters not before the court. This rule is intended to resolve the confusion spawned by De la Portilla v. De la Portilla, 304 So.2d 116 (Fla. 1974), and its progeny.
*999 Subdivision (g) was embodied in former Rule 4.2(a) and is intended to make clear that the failure to take an interlocutory appeal does not constitute a waiver of any sort on appeal of a final judgment, although an improper ruling might not then constitute prejudicial error warranting reversal.

Rule 9.140 Appeal Proceedings in Criminal Cases
(a) Applicability. Appeal proceedings in criminal cases shall be as in civil cases except as modified by this rule.
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal:
(A) a final judgment adjudicating guilt;
(B) an order granting probation, whether or not guilt has been adjudicated;
(C) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) an illegal sentence; and
(E) a sentence when required or permitted by general law.
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.
(2) Commencement. The defendant shall file the notice prescribed by Rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following the entry of a written order imposing sentence. Copies shall be served on the State Attorney and Attorney General.
(3) Briefs. Defendant's initial brief shall be served within 80 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(c) Appeals by the State.
(1) Appeals Permitted. The State may appeal an order:
(A) dismissing an indictment or information or any count thereof;
(B) suppressing before trial confessions, admissions or evidence obtained by search and seizure;
(C) granting a new trial;
(D) arresting judgment;
(E) discharging a defendant pursuant to Fla.R.Crim.P. 3.191;
(F) discharging a prisoner on habeas corpus;
(G) adjudicating a defendant incompetent or insane;
(H) ruling on a question of law when a convicted defendant appeals his judgment of conviction; and may appeal
(I) an illegal sentence.
(2) Commencement. The State shall file the notice prescribed by Rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the State pursuant to Rule 9.140(c)(1)(H), the State's notice shall be filed within 10 days of service of defendant's notice. Copies shall be served on the defendant and the attorney of record. An appeal by the State shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
(3) Briefs. The State's initial brief shall be served within 80 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.
(d) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by Rule 9.200 and serve copies of the index on the Attorney General and all parties. The clerk shall retain the original of the record and shall forthwith transmit copies thereof to the court, to the Attorney General and to the office of a public defender appointed to represent an indigent defendant. Counsel for a non-indigent defendant may, upon request, simultaneously receive from the clerk a copy of the record (other than a transcript of the trial proceeding) at the cost prescribed by law.
If a defendant's designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel whenever *1000 possible) shall serve, within 10 days of filing the notice, a statement of the judicial acts to be reviewed and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issues raised. Either party may file motions in the lower tribunal to reduce or expand the transcript.
(e) Post-Trial Release.
(1) Appeal by Defendant. The lower tribunal may hear a motion for post-trial release pending appeal before or after a notice is filed; provided that the defendant may not be released from custody until the notice is filed.
(2) Appeal by State. An incarcerated defendant charged with a bailable offense shall on motion be released on his own recognizance pending an appeal by the State, unless the lower tribunal for good cause stated in an order determines otherwise.
(3) Denial of Post-Trial Release. All orders denying post-trial release shall set forth the factual basis upon which the decision was made and the reasons therefor.
(4) Review. Review of an order relating to post-trial release shall be by the court upon motion.
(f) Scope of Review. The court shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal. In the interest of justice, the court may grant any relief to which any party is entitled. In capital cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
(g) Appeals from Summary Denial of Motion for Post-Conviction Relief Under Fla. R.Crim.P. 3.850. An appeal from an order denying relief under Fla.R.Crim.P. 3.850 without a hearing shall be commenced as prescribed by Rule 9.110. The clerk of the lower tribunal shall forthwith transmit to the court as the record conformed copies of the motion, order, motion for rehearing and order thereon, with a certified copy of the notice. No briefs or oral argument shall be required. Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing. The court may request a response from the State before ruling.

Commentary
This rule represents a substantial revision of the procedure in criminal appeals.
Section (a) makes clear the policy of these rules that procedures be standardized to the maximum extent possible. Criminal appeals are to be governed by the same rules as other cases, except for those matters unique to criminal law which are identified and controlled by this rule.
Subsection (b)(1) lists the only matters which may be appealed by a criminal defendant and is intended to supersede all other rules of practice and procedure. This rule has no effect on either the availability of extraordinary writs otherwise within the jurisdiction of the court to grant, or the Supreme Court's jurisdiction to entertain petitions for the constitutional writ of certiorari to review interlocutory orders. This rule also incorporates the holding in State v. Ashby, 245 So.2d 225 (Fla. 1971), and is intended to make clear that the reservation of the right to appeal a judgment based on the plea of no contest must be express and must identify the particular point of law being reserved; any issues not expressly reserved are waived. No direct appeal of a judgment based on a guilty plea is allowed. It was not intended that this rule affect the substantive law governing collateral review.
Subsection (b)(2) replaces former Rule 6.2. Specific reference is made to Rule 9.110(d) to emphasize that criminal appeals are to be prosecuted in substantially the same manner as other cases. Copies of the notice must be served on both the State Attorney and the Attorney General, however. The time for taking an appeal has been made to run from the date judgment is rendered to 30 days after an order imposing sentence is rendered or otherwise reduced to writing. The former rule provided *1001 for appeal within 30 days of rendition of judgment or within 30 days of entry of sentence. The Advisory Committee debated the intent of the literal language of the former rule. Arguably, under the former rule an appeal could not be taken by a defendant during the "gap period" which occurs when sentencing is postponed more than 30 days after entry of judgment. The Advisory Committee concluded that no purpose was served by such an interpretation since the full case would be reviewable when the "gap" closed. This modification of the former rule promotes the policies underlying Williams v. State, 324 So.2d 74 (Fla. 1975), where it was held that a notice of appeal prematurely filed should not be dismissed, but held in abeyance until it becomes effective. This rule does not specifically address the issue of whether full review is available where re-sentencing occurs on order of a court in a collateral proceeding. Such cases should be resolved in accordance with the underlying policies of these rules. Compare Wade v. State, 222 So.2d 434 (Fla. 2d DCA 1969), with Neary v. State, 285 So.2d 47 (Fla. 4th DCA 1973). If a defendant appeals a judgment of conviction of a capital offense prior to sentencing and sentencing is anticipated, the district court of appeal (as the court then with jurisdiction) should hold the case in abeyance until the sentence has been imposed. If the death penalty is imposed, the district court of appeal should transfer the case to the Supreme Court for review. See, Fla.R. App.P. 9.040(b);  921.141(4), Fla. Stat. (1975).
Subsection (b)(3) governs the service of briefs. Filing should be made in accordance with Rule 9.420.
Subsection (c)(1) lists the only matters which may be appealed by the State, but it is not intended to affect the jurisdiction of the Supreme Court to entertain by certiorari interlocutory appeals governed by Rule 9.100, or the jurisdiction of circuit courts to entertain interlocutory appeals of pretrial orders from the county courts. See State v. Smith, 260 So.2d 489 (Fla. 1972). No provision of this rule is intended to conflict with a defendant's constitutional right to not be placed twice in jeopardy, and it should be interpreted accordingly. Where there is an appeal pursuant to item (A), a motion for a stay of the lower tribunal proceeding should be liberally granted whenever there appears to be a substantial possibility that trial of any non-dismissed charges would bar prosecution of the dismissed charges if the dismissal was reversed, such as in cases involving the so-called "single transaction rule". Item (E) refers to the popularly known "speedy trial rule", and items (F), (G) and (H) track the balance of State appellate rights in Section 924.07, Florida Statutes (1975).
Subsection (c)(2) parallels subsection (b)(2) regarding appeals by defendants except that a maximum of 15 days is allowed for filing the notice. An appeal by the State stays further proceedings in the lower tribunal only when an order has been entered by the trial court.
Subsection (c)(3) governs the service of briefs.
Section (d) applies Rule 9.200 to criminal appeals and sets forth the time for preparation and service of the record, and additional matters peculiar to criminal cases. It has been made mandatory that the original record be held by the lower tribunal in order to avoid loss and destruction of original papers while in transit. To meet the needs of appellate counsel for indigents, provision has been made for automatic transmittal of a copy of the record to the public defender appointed to represent an indigent defendant on appeal, which in any particular case may be the public defender either in the judicial circuit where the trial took place or in the judicial circuit where the appellate court is located. See  27.51(4), Fla. Stat. (1975). Counsel for a non-indigent defendant may obtain a copy of the record at the cost prescribed by law. At the present time, Section 28.24(13), Florida Statutes (1975), as amended by Chapter 77-284,  1, Laws of Florida, prescribes a cost of $1 per page.
In order to conserve the public treasury, appeals by indigent defendants, and other *1002 criminal defendants where a free transcript is provided, have been specially treated. Only the essential portions of the transcript are to be prepared. The appellant must file a statement of the judicial acts to be reviewed on appeal and the parties are to file and serve designations of the relevant portions of the record. (This procedure emphasizes the obligation of trial counsel to cooperate with appellate counsel, where the two are different, in identifying alleged trial errors.) The statement is necessary to afford the appellee an opportunity to make a reasonable determination of the portions of the record required. The statement should be sufficiently definite that the opposing party can make that determination, but greater specificity is unnecessary. The statement of judicial acts contemplated by this rule is not intended to be the equivalent of assignments of error under former Rule 3.5. Therefore, an error or inadequacy in the statement should not be relevant to the disposition of any case. In such circumstances, the appropriate procedure would be to supplement the record under Rule 9.200(f) to cure any potential or actual prejudice. Either party may move in the lower tribunal to strike unnecessary portions before they are prepared or to expand the transcript. The ruling of the lower tribunal on such motions is reviewable by motion to the court under Rule 9.200(f) where a party asserts additional portions are required.
Section (e) replaces former Rule 6.15. Subsection (e)(1) governs where an appeal is taken by a defendant and permits a motion to grant post-trial release pending appeal to be heard although a notice of appeal has not yet been filed. The lower tribunal may then grant the motion effective upon the notice being filed. This rule is intended to eliminate practical difficulties which on occasion have frustrated the cause of justice, as where a defendant's attorney has not prepared a notice of appeal in advance of judgment. Consideration of such motions shall be in accordance with Section 903.132, Florida Statutes (Supp. 1976), and Florida Rule of Criminal Procedure 3.691. This rule does not apply where the judgment is based on a guilty plea since no right to appeal such a conviction is recognized by these rules.
Subsection (e)(2) governs where the State takes an appeal and authorizes release of the defendant without bond, if charged with a bailable offense, unless the lower tribunal for good cause orders otherwise. The "good cause" standard was adopted to insure that bond be required only in rare circumstances. The Advisory Committee was of the view that since the State generally will not be able to gain a conviction unless it prevails, the presumed innocent defendant should not be required to undergo incarceration without strong reasons, especially where a pre-trial appeal is involved. "Good cause" therefore includes such factors as the likelihood of success on appeal and the likelihood the defendant will leave the jurisdiction in light of the current status of the charges against him.
Subsection (e)(3) retains the substance of former Rule 6.15(b) and (c). The lower tribunal's order must contain a statement of facts as well as the reasons for the action taken, in accordance with Younghans v. State, 90 So.2d 308 (Fla. 1956).
Subsection (e)(4) allows review only by motion so that no order regarding post-trial release is reviewable unless jurisdiction has been vested in the court by the filing of a notice of appeal. It is intended that the amount of bail be reviewable for excessiveness.
Section (f) interacts with Rule 9.110(h) to allow review of multiple judgments and sentences in one proceeding.
Section (g) sets forth the procedure to be followed where there is a summary denial without hearing of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. This rule does not limit the right to appeal a denial of such a motion after hearing pursuant to Rule 9.140(b)(1)(C).

Rule 9.200 The Record

(a) Contents.

(1) The record shall consist of the original documents, exhibits, and transcript of proceedings, if any, filed in the lower tribunal, *1003 except summonses, praecipes, subpoenas, returns, notices, depositions, other discovery and physical evidence.
(2) Within 10 days of filing the notice, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. If the clerk is directed to transmit less than the entire record, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
(3) Stipulated Statement. The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties shall advise the clerk of their intention to rely upon a stipulated statement in lieu of the record as early in advance of filing as possible. The stipulated statement shall be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.

(b) Transcript of Proceedings.

(1) Within 10 days of filing the notice, the appellant shall designate those portions of the transcript of proceedings not on file deemed necessary for inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of transcription shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by Rule 9.400.
(2) Within 30 days of service of a designation, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish to the parties such copies as they order. The transcript of proceedings shall be securely bound in volumes not to exceed 200 pages each. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
(3) If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
(c) Cross Appeals. Within 20 days of filing the notice, a cross appellant may direct that additional documents, exhibits, or portions of the transcript of proceedings be included in the record. If less than the entire record is designated, the cross appellant shall serve, with the directions, a statement of the judicial acts to be reviewed. The cross appellee shall have 10 days after such service to direct further additions. The time for preparation and transmittal of the record shall be extended by 10 days.

(d) Duties of Clerk; Preparation and Transmittal of Record.

(1) The clerk of the lower tribunal shall prepare the record as follows:
(A) Upon receipt of the transcript of proceedings from the court reporter(s), each page shall be consecutively numbered. The transcript of proceedings shall be securely bound in consecutively numbered volumes not to exceed 200 pages each. The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of the transcript of proceedings into the record.
(B) The remainder of the record, including all supplements, shall be prepared as designated. Each page shall be consecutively numbered. The record shall be securely bound in consecutively numbered volumes not to exceed 200 pages each. The cover sheet of each volume shall contain *1004 the name of the lower tribunal and the style and number of the case.
(2) The clerk of the lower tribunal shall prepare a complete index to the record.
(3) The clerk of the lower tribunal shall certify and transmit the record to the court as prescribed by these rules; provided that when the parties stipulate or the lower tribunal orders that the original record be retained, the clerk shall prepare and transmit a certified copy.
(e) Duty of Appellant or Petitioner. The burden to insure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion.

(f) Correcting and Supplementing Record.

(1) If there is an error or omission in the record, the parties by stipulation, the lower tribunal before the record is transmitted, or the court may correct the record.
(2) If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given.
(g) Return of Record. In civil cases the record shall be returned to the lower tribunal after final disposition by the court.

Commentary
This rule replaces former Rule 3.6 and represents a complete revision of the matters pertaining to the record for an appellate proceeding. References in this rule to "appellant" and "appellee" should be treated as equivalent to "petitioner" and "respondent", respectively. See Commentary, Fla.R.App.P. 9.020. This rule is based in part on Federal Rule of Appellate Procedure 10(b).
Subsection (a)(1) establishes the content of the record unless an appellant within 10 days of filing the notice directs the clerk to exclude portions of the record or to include additional portions, or the appellee within 20 days of the notice being filed directs inclusion of additional portions. In lieu of a record, the parties may prepare a stipulated statement, attaching a copy of the order which is sought to be reviewed and essential portions of the record. When a stipulated statement is prepared, the parties must advise the clerk not to prepare the record. The stipulated statement is to be filed and transmitted within the time prescribed for transmittal of the record. Where less than a full record is to be used, the initiating party must serve a statement of the judicial acts to be reviewed so that the opposing party may determine whether additional portions of the record are required. Such a statement is not intended to be the equivalent of assignments of error under former Rule 3.5. Any inadequacy in the statement may be cured by motion to supplement the record under section (f) of this rule.
Section (a) interacts with Section (b) so that as soon as the notice is filed the clerk of the lower tribunal will prepare and transmit the complete record of the case as described by the rule. In order to include in the record any of the items automatically omitted, a party must designate the items desired. A transcript of the proceedings before the lower tribunal will not be prepared or transmitted unless already filed, or the parties designate the portions of the transcript desired to be transmitted. Subsection (b)(2) imposes an affirmative duty to prepare the transcript on the reporter of the proceedings as soon as designated. It is intended that to complete the preparation of all official papers to be filed with the court, the appellant need only file the notice, designate omitted portions of the record which are desired and designate the desired portions of the transcript. It therefore will be unnecessary to file directions with the clerk of the lower tribunal in most cases.
Subsection (b)(1) replaces former Rule 3.6(d)(2), and specifically requires service of the designation upon the court reporter. This is intended to avoid delays which sometimes occur when a party files his designation, but fails to notify the court reporter that a transcript is needed. The rule also establishes the responsibility of the designating *1005 party to initially bear the cost of the transcript.
Subsection (b)(2) replaces former Rule 3.6(e). This rule provides for the form of the transcript, and imposes on the reporter the affirmative duty of delivering copies of the transcript to the ordering parties upon request. Such a request may be included in the designation. Under Section (e), however, the responsibility for insuring performance remains with the parties. The requirement that pages be consecutively numbered is new and is deemed necessary to assure continuity and ease of reference for the convenience of the court. This requirement applies even where two or more parties designate portions of the proceedings for transcription. It is intended that the transcript portions transmitted to the court constitute a single consecutively numbered document in one or more volumes not exceeding 200 pages each. Where there is more than one court reporter, the clerk will renumber the pages of the transcript copies so that they are sequential. The requirement of a complete index at the beginning of each volume is new, and is necessary to standardize the format and for the guidance of those preparing transcripts.
Subsection (b)(3) provides the procedures to be followed where no transcript is available.
Section (c) provides the procedures to be followed where there is a cross appeal or cross petition.
Section (d) sets forth the manner in which the clerk of the lower tribunal is to prepare the record. The original record is to be transmitted unless the parties stipulate or the lower court orders the original be retained, except that under Rule 9.140(d) (governing criminal cases) the original is to be retained unless the court orders otherwise.
Section (e) places the burden of enforcement of this rule on the appellant or petitioner, but any party may move for an order requiring adherence to the rule.
Section (f) replaces former Rule 3.6(1). The new rule is intended to assure that appellate proceedings will be decided upon their merits and that no showing of good cause, negligence or accident be required before the lower tribunal or the court orders the completion of the record. This rule is intended to assure that any portion of the record before the lower tribunal which is material to a decision by the court will be available to the court. It is specifically intended to avoid those situations which have occurred in the past where an order has been affirmed because appellate counsel failed to bring up the portions of the record necessary to determine whether or not there was an error. See Pan American Metal Products Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962). The rule is not intended to cure inadequacies in the record which result from the failure of a party to properly make a record during the proceedings in the lower tribunal. The purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record before the lower tribunal. This rule does not impose on the lower tribunal or the court a duty to review on their own the adequacy of the preparation of the record. A failure to supplement the record after notice by the court may be held against the party at fault.
Section (g) requires that the record in civil cases be returned to the lower tribunal after final disposition by the court regardless of whether the original record or a copy was used. The court may retain or return the record in criminal cases according to its internal administration policies.

Rule 9.210 Briefs
(a) Generally. In addition to briefs on jurisdiction under Rule 9.120(d), the only briefs permitted to be filed by the parties in any one proceeding are the initial brief, the answer brief, a reply brief and a cross reply brief. All briefs required by these rules shall be prepared as follows:
(1) Briefs shall be printed, typewritten or duplicated on opaque, white, unglossed paper. If printed, the brief shall be six by nine inches; if typewritten, the brief shall be 8 1/2 by 11 inches.
(2) The lettering in briefs shall be black and in distinct type, double spaced if typed, *1006 and with margins no less than one inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Quoted matter should be indented and single spaced.
(3) Briefs shall be securely bound in book form and fastened along the left side. Headings shall be in capital letters and, if printed, subheadings in bold type not less than 11 points.
(4) The cover sheet of each brief shall state the name of the court, the style of the cause, including the case number if assigned, the lower tribunal, the party on whose behalf the brief is filed, the type of brief and the name and address of the attorney filing the brief.
(5) The initial and answer briefs shall not exceed 50 pages in length. Reply briefs shall not exceed 15 pages in length; provided that if a cross appeal has been filed, the reply brief shall not exceed 50 pages. Cross reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 20 pages. The table of contents and the citation of authorities shall be excluded from the computation. Longer briefs may be permitted by the court.
(b) Contents of Initial Brief. The initial brief shall contain in the following order:
(1) A table of contents listing the issues presented for review, with reference to pages.
(2) A table of citations with cases listed alphabetically, statutes and other authorities and the pages of the brief on which each citation appears. See Rule 9.800 for uniform citation system.
(3) A statement of the case and of the facts, which shall include the nature of the case, the course of the proceedings, and the disposition in the lower tribunal. References to the appropriate pages of the record or transcript shall be made.
(4) Argument with regard to each issue.
(5) A conclusion, of not more than one page, setting forth the precise relief sought.
(c) Contents of Answer Brief. The answer brief shall be prepared in the same manner as the initial brief; provided that the statement of the case and of the facts shall be omitted unless there are areas of disagreement, which should be clearly specified. If a cross appeal has been filed, the answer brief shall include the issues therein presented for review and argument in support thereof.
(d) Contents of Reply Brief. The reply brief shall contain argument in response and rebuttal to argument presented in the answer brief.
(e) Contents of Cross Reply Brief. The cross reply brief is limited to rebuttal of argument of the cross appellee.
(f) Times for Service of Briefs. The times for serving jurisdiction and initial briefs are prescribed by Rules 9.110, 9.120, 9.130, and 9.140. Unless otherwise required, the answer brief shall be served within 20 days after service of the initial brief; the reply brief, if any, shall be served within 20 days after service of the answer brief; and the cross reply brief, if any, shall be served within 20 days thereafter.
(g) Notice of Supplemental Authority. Notices of supplemental authority, without argument, may be filed with the court before a decision has been rendered to call attention to decisions, rules or statutes which have been discovered after the last brief served in the cause.
(h) Filing with Courts. The filing requirements of the courts are:
(1) Circuit courts: original and one copy.
(2) District courts of appeal: original and three copies.
(3) Supreme Court: original and seven copies; except that five copies only shall accompany the original jurisdictional briefs prescribed in Rule 9.120(d).
(i) Citations. Counsel are requested to utilize the uniform citation system prescribed by Rule 9.800.

Commentary
This rule essentially retains the substance of former Rule 3.7. Under Section (a) only four briefs on the merits are permitted to be filed in any one proceeding, an initial brief by the appellant or petitioner, an answer brief by the appellee or respondent, a *1007 reply brief by the appellant or petitioner, and a cross reply brief by the appellee or respondent (if a cross appeal or petition has been filed). A limit of 50 pages has been placed on the length of the initial and answer briefs, 15 pages for reply and cross reply briefs (unless a cross appeal or petition has been filed) and 20 pages for jurisdictional briefs, exclusive of the table of contents and citations of authorities. Although the court may by order permit briefs longer than allowed by this rule, the Advisory Committee contemplates that extensions in length will not be readily granted by the courts under these rules. General experience has been that even briefs within the limits of the rule are usually excessively long.
Sections (b), (c), (d) and (e) set forth the format for briefs and retain the substance of former Rules 3.7(f), (g) and (h). Particular note must be taken of the requirement that the statement of the case and facts include reference to the record. The abolition of assignments of error requires that counsel be vigilant in specifying for the court the errors committed; that greater attention be given the formulation of questions presented; and that counsel comply with subsection (b)(5) by setting forth the precise relief sought. The table of contents will contain the statement of issues presented. The pages of the brief where argument on each issue begins must be given. It is optional to have a second, separate listing of the issues. Section (c) affirmatively requires that no statement of the facts of the case be made by an appellee or respondent unless there is disagreement with the initial brief, and then only to the extent of disagreement. It is unacceptable in an answer brief to make a general statement that the facts in the initial brief are accepted, except as rejected in the argument section of the answer brief. Parties are encouraged to place every fact utilized in the argument section of the brief in the statement of facts.
Section (f) sets forth the times for service of briefs after service of the initial brief. Times for service of the initial brief are governed by the relevant rule.
Section (g) authorizes the filing of notices of supplemental authority at any time between the submission of briefs and rendition of a decision. Argument in such a notice is absolutely prohibited.
Section (h) states the number of copies of each brief which must be filed with the clerk of the court involved ÔÇö one copy for each judge or justice in addition to the original for the permanent court file. This rule is not intended to limit the power of the court to require additional briefs at any time.
The style and form for the citation of authorities should conform to the uniform citation system adopted by the Supreme Court of Florida, which is reproduced in Rule 9.800.
The Advisory Committee urges counsel to minimize references in their briefs to the parties by such designations as "appellant", "appellee", "petitioner" and "respondent". It promotes clarity to use actual names or descriptive terms such as "the employee", "the taxpayer", "the agency" etc. See Fed. R.App.P. 28(d).

Rule 9.220 Appendix
The purpose of an appendix is to permit the parties to prepare and transmit copies of such portions of the record deemed necessary to an understanding of the issues presented. It may be served with a petition, brief, motion or response; provided that an appendix is required in proceedings under Rules 9.100, 9.110(i), 9.120 and 9.130. It shall contain an index and a conformed copy of the opinion or order to be reviewed and may contain any other portions of the record and other authorities. It may be either 8 1/2 by 11 inches or 8 1/2 by 14 inches. It shall be separately bound or separated from the petition, brief, motion, or response by a divider and appropriate tab. Asterisks should be used to indicate omissions in documents or testimony of witnesses.

Commentary
This rule is new and has been adopted to encourage the use of an appendix either as a separate document or as a part of another *1008 matter. An appendix is optional, except under Rules 9.100, 9.110(i), 9.120, and 9.130. Where a legal size (8 1/2 by 14 inches) appendix is used, counsel should make it a separate document. The term "conformed copy" is used throughout these rules to mean a true and accurate copy. In an appendix the formal parts of a document may be omitted where not relevant.

Rule 9.300 Motions
(a) Contents of Motion; Response. Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefor. The motion shall state the grounds on which it is based, the relief sought, argument in support thereof and appropriate citations of authority. A motion for an extension of time shall, and other motions where appropriate may, contain a certificate by the movant's counsel that he has consulted opposing counsel and that he is authorized to represent that opposing counsel either has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. A party may serve one response to a motion within 10 days of service of the motion. The court may shorten or extend the time for response to a motion.
(b) Effect on Proceedings. Except as prescribed by section (d) of this rule, service of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion. An order granting an extension of time for any act shall automatically extend the time for all other acts which bear a time relation to it. A conformed copy of an order extending time entered by a lower tribunal shall be transmitted forthwith to the court.
(c) Emergency Relief; Notice. A party seeking emergency relief shall, if practicable, give reasonable notice to all parties.

(d) Motions Not Tolling Time.

(1) Motions for post-trial release, Rule 9.140(e).
(2) Motions for stay pending appeal, Rule 9.310(f).
(3) Motions relating to oral argument, Rule 9.320.
(4) Motions relating to joinder and substitution of parties, Rule 9.360.
(5) Motions relating to amicus curiae, Rule 9.370.
(6) Motions relating to attorney's fees on appeal, Rule 9.400.
(7) Motions relating to service, Rule 9.420.
(8) Motions relating to admission or withdrawal of attorneys, Rule 9.440.
(9) All motions filed in the Supreme Court, unless accompanied by a separate request to toll time.

Commentary
This Rule replaces former Rule 3.9.
Section (a) is new, except to the extent it replaces former Rule 3.9(g), and is intended to outline matters required to be included in motions. These provisions are necessary because it is anticipated that oral argument will only rarely be permitted. Any matters which formerly would have been included in a brief on a motion should be included in the motion. While affidavits and other documents not appearing in the record may be included in the appendix, it is to be emphasized that such materials are limited to matter germane to the motion, and are not to include matters which go to the merits of the case. The Advisory Committee was of the view that briefs on motions are cumbersome and unnecessary. The Advisory Committee anticipates that the motion document will become simple and unified, with unnecessary technical language eliminated. Routine motions usually require only limited argument. Provision is made for a response by the opposing party. No further responses by either party are permitted, however, without an order of the court entered on the court's own motion or the motion of a party. To insure cooperation and communication between opposing counsel, and conservation of judicial resources, a party moving for an extension of time is required to certify that opposing counsel has been consulted, and either has no objection or intends to serve an objection promptly. The certificate may also be used *1009 for other motions where appropriate. Only the motions listed in section (d) do not toll the time for performance of the next act. Subsection (d)(9) codifies current practice in the Supreme Court, where motions do not toll time unless the Court approves a specific request, for good cause shown, to toll time for the performance of the next act. Very few motions filed in that Court warrant a delay in further procedural steps to be taken in a case.
The Advisory Committee considered and rejected as unwise a proposal to allow at least 15 days to perform the next act after a motion tolling time was disposed.
Section (b) replaces former Rule 3.9(f).
Section (c) is new and has been included at the request of members of the judiciary. It is intended to require that counsel make a reasonable effort to give actual notice to opposing counsel when emergency relief is sought from a court.
Specific reference to motions to quash or dismiss appeals contained in former Rules 3.9(b) and (c) has been eliminated as unnecessary. It is not intended that such motions be abolished. Courts have the inherent power to quash frivolous appeals and section (a) guarantees to any party the right to file a motion. Although no special time limitations are placed on such motions, delay in presenting any motion may influence the relief granted or sanctions imposed under Rule 9.410.
As was the case under former Rule 3.8, a motion may be filed in either the lower tribunal or the court, in accordance with Rule 9.600.

Rule 9.310 Stay Pending Review
(a) Application. Except as provided by general law and in section (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.

(b) Exceptions.

(1) Money Judgments. When the order is solely for the payment of money, a stay pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof. If the liability of a party is less than the entire amount ordered to be paid, the bond required for that party shall be equal to the amount of such liability, plus 15%. Multiple parties having common liability may file a bond in the amount of the common liability, plus 15%.
(2) Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the State, any public officer in an official capacity, board, commission or other public body seeks review; provided that on motion the lower tribunal or the court may impose any lawful conditions or vacate the stay.

(c) Bond.

(1) Defined. A good and sufficient bond is a bond with a principal and two personal sureties or one surety company authorized to do business in the State of Florida and approved by the clerk or judge of the lower tribunal.
(2) Conditions. The conditions of a bond shall include a condition to pay or comply with the order in full, including costs, interest, fees, damages for delay, use, detention and depreciation of property, if the review is dismissed or order affirmed; and may include such other conditions as may be required by the lower tribunal.
(d) Judgment Against a Surety. A surety on a bond conditioning a stay submits to the jurisdiction of the lower tribunal and the court. The liability of the surety upon such bond may be enforced by the lower tribunal or the court, after motion and notice, without the necessity of an independent action.
(e) Duration. A stay entered by a lower tribunal shall remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, or unless otherwise modified or vacated.
*1010 (f) Review. Review of orders entered by lower tribunals under this rule shall be by the court upon motion.

Commentary
This rule replaces former Rules 5.1-5.12. It implements the Administrative Procedure Act, Section 120.68(3), Florida Statutes (Supp. 1976).
Section (a) provides for obtaining a stay pending review by filing a motion in the lower tribunal, and clarifies the authority of the lower tribunal to increase or decrease the bond or deal with other conditions of the stay, even though the case is pending before the court. Exceptions are provided in section (b). The rule preserves any statutory right to a stay. The court has plenary power to alter any requirements imposed by the lower tribunal. A party desiring exercise of the court's power may seek review by motion pursuant to section (f) of this rule.
Subsection (b)(1) replaces former Rule 5.7. It establishes a fixed formula for determining the amount of the bond where there is a judgment solely for money. This formula shall be automatically accepted by the clerk. If an insurance company is a party to an action with its insured, and the judgment exceeds the insurance company's limits of liability, the rule permits the insurance company to supersede by posting a bond in the amount of its limits of liability, plus fifteen percent. For the insured co-defendant to obtain a stay, bond must be posted for the portion of the judgment entered against him plus fifteen percent. The fifteen percent figure was chosen as a reasonable estimate of two years' interest and costs, it being very likely that the stay would remain in effect for over one year.
Subsection (b)(2) replaces former Rule 5.12. It provides for an automatic stay without bond as soon as a notice invoking jurisdiction is filed by the State or any other public body, other than in criminal cases, which are covered by Rule 9.140(c)(2), but the lower tribunal may vacate the stay or require a bond. This rule supersedes Lewis v. Career Service Comm'n, 332 So.2d 371 (Fla. 1st DCA 1976).
Section (c) retains the substance of former Rule 5.6, and states the mandatory conditions of the bond.
Section (d) retains the substance of former Rule 5.11, with an additional provision for entry of judgment by the court so that where the lower tribunal is an agency resort to an independent action is unnecessary.
Section (e) is new and is intended to permit a stay for which a single bond premium has been paid to remain effective during all review proceedings. The stay is vacated by issuance of mandate or an order vacating it. There are no automatic stays of mandate under these rules, except for the State or a public body under subsection (b)(2) of this rule, or if a stay as of right is guaranteed by statute. See, for example,  120.68(3), Fla. Stat. (Supp. 1976). This rule interacts with Rule 9.340, however, so that a party has 15 days between rendition of the court's decision and issuance of mandate (unless issuance of mandate is expedited) to move for a stay of mandate pending review. If such motion is granted, any stay and bond previously in effect continues, except to the extent of any modifications, by operation of this rule. If circumstances arise requiring alteration of the terms of the stay the party asserting the need for such change should apply by motion for the appropriate order.
Section (f) provides for review of orders regarding stays pending appeal by motion in the court.
While the normal and preferred procedure is for the parties to seek the stay in the lower court, this rule is not intended to limit the constitutional power of the court to issue stay orders after its jurisdiction has been invoked. It is intended that where review of the decision of a Florida court is sought in the United States Supreme Court, a party may move for a stay of mandate, but section (e) does not apply in such cases.

Rule 9.320 Oral Argument
Oral argument may be permitted in any proceeding. A request for oral argument shall be a separate document served with *1011 the earliest brief of a party. Each side will be allowed 20 minutes for oral argument. Upon its own motion or that of a party, the court may require, limit, expand or dispense with oral argument.

Commentary
This rule replaces former Rule 3.10. As under the former rules, there is no right to oral argument. It is contemplated that oral argument will be granted only when the court believes its consideration of the issues raised will be enhanced. The time ordinarily allowable to each party has been reduced from 30 minutes to 20 minutes to conform with the prevailing practice in the courts. Where oral argument is permitted, the order of the court will state the time and place.

Rule 9.330 Rehearing; Clarification
(a) Time for Filing; Contents; Reply. A motion for rehearing or for clarification of decision may be filed within 15 days of an order or within such other time set by the court. The motion shall state with particularity the points of law or fact which the court has overlooked or misapprehended. The motion shall not re-argue the merits of the court's order. A reply may be served within 10 days of service of the motion.
(b) Limitation. A party shall not file more than one such motion with respect to a particular decision.
(c) Exception; Bond Validation Proceedings. A motion for rehearing or for clarification of a decision in proceedings for the validation of bonds or certificates of indebtedness as provided by Rule 9.030(a)(1)(B)(ii) may be filed within 10 days of an order or within such other time set by the court. A reply may be served within five days of service of the motion. The mandate shall issue forthwith if a timely motion has not been filed. A timely motion shall receive immediate consideration by the court and, if denied, the mandate shall issue forthwith.
(d) Exception; Certiorari Under Rule 9.120. No motion for rehearing or for clarification may be filed in the Supreme Court addressed to the grant or denial of a request for the Court to exercise its discretion to review a decision described in Rule 9.120.

Commentary
This rule replaces former Rule 3.14. Rehearing now must be sought by motion, not by petition. The motion must be filed within 15 days of rendition and a response may be served within 10 days of service of the motion. Only one motion will be accepted by the clerk. Re-argument of the issues involved in the case is prohibited.
Section (c) provides expedited procedures for issuing a mandate in bond validation cases, in lieu of those prescribed by Rule 9.340.
Section (d) makes clear that motions for rehearing or for clarification are not permitted as to any decision of the Supreme Court granting or denying discretionary review under Rule 9.120.

Rule 9.340 Mandate
(a) Issuance of Mandate. Unless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuance, shall be served on all parties.
(b) Extension of Time for Issuance of Mandate. If a timely motion for rehearing or for clarification has been filed, the time for issuance of the mandate or other process shall be extended until 15 days after rendition of the order denying the motion or, if granted, until 15 days after the cause has been fully determined.

Commentary
This rule replaces former Rule 3.15. The power of the court to expedite as well as delay issuance of the mandate, with or without motion, has been made express. That part of former Rule 3.15(a) regarding money judgments has been eliminated as unnecessary. It is not intended to change the substantive law there stated. The fifteen day delay in issuance of mandate is necessary to allow a stay to remain in effect for purposes of Rule 9.310(e). This automatic delay is inapplicable to bond validation proceedings, which are governed by Rule 9.330(c).

*1012 Rule 9.350 Dismissal of Causes
(a) Dismissal of Causes When Settled. When any cause pending in the court is settled prior to decision on the merits, the parties shall immediately notify the court by filing a signed stipulation for dismissal.
(b) Voluntary Dismissal. A proceeding of an appellant or petitioner may be dismissed prior to a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross appeal; provided that dismissal shall not be effective until 10 days after filing the notice or until 10 days after the time prescribed by Rule 9.110(b), whichever is later.
(c) Clerk's Duty. When a proceeding is dismissed pursuant to this rule, the clerk of the court shall notify the clerk of the lower tribunal.

Commentary
Section (a) retains the substance of former Rule 3.13(a). Upon the filing of a stipulation of dismissal the clerk of the court will dismiss the case as to the parties signing the stipulation.
Section (b) is intended to allow an appellant to dismiss his appeal but a timely perfected cross-appeal would continue. A voluntary dismissal would not be effective until after the time for joinder in appeal or cross-appeal. This limitation was created so that an opposing party desiring to have adverse rulings reviewed by a cross-appeal cannot be trapped by a voluntary dismissal by the appellant after the appeal time has run, but before an appellee has filed his notice of joinder or cross-appeal.
Section (c) retains the substance of former Rule 3.13(c).

Rule 9.360 Parties
(a) Joinder. A party to the cause in the lower tribunal who desires to join in a proceeding as a petitioner or appellant shall file a notice to that effect within 10 days of service of the petition or notice or within the time prescribed by Rule 9.110(b), whichever is later.
(b) Attorneys, Representatives and Guardians Ad Litem. Attorneys, representatives and guardians ad litem in the lower tribunal shall retain their status in the court unless others are duly appointed or substituted.

(c) Substitution of Parties.

(1) If substitution of a party is necessary for any reason, the court may so order upon its own motion or that of a party.
(2) Public officers as parties in their official capacities may be described by their official titles rather than by name. Their successors in office shall be automatically substituted as parties.
(3) If a party dies while a proceeding is pending and his rights survive, the court may order the substitution of the proper party upon its own motion or that of any interested person.
(4) If a person entitled to file a notice dies before filing and his rights survive, the notice may be filed by the personal representative, attorney of record or, if none, by any interested person. Following filing, the proper party shall be substituted.

Commentary
This rule is intended as a simplification of the former rules with no substantial change in practice.
Section (a) is a simplification of the provisions of former Rule 3.11(b), with modifications recognizing the elimination of assignments of error.
Section (b) retains the substance of former Rule 3.11(d).
Subsection (c)(1) substantially simplifies the procedure for substituting parties. This change is in keeping with the overall concept of this revision that these rules should identify material events that may or should occur in appellate proceedings and specify in general terms how that event should be brought to the attention of the court and how the parties should proceed. The manner in which these events shall be resolved is left to the courts, the parties, the substantive law and the circumstances of the particular case.
Subsection (c)(2) is new and is intended to avoid the necessity of motions for substitution where the person holding a public office *1013 is changed during the course of proceedings. It should be noted that the style of the case does not necessarily change.
Subsection (c)(4) is new, and is intended to simplify the procedure and avoid confusion when a party dies prior to an appellate proceeding being instituted. Substitutions in such cases are to be made according to subsection (c)(1).

Rule 9.370 Amicus Curiae
An amicus curiae may file and serve a brief in any proceeding with written consent of all parties or by order or request of the court. A motion to file a brief as amicus curiae shall state the reason for the request and the party or interest on whose behalf the brief is to be filed. Unless stipulated by the parties or otherwise ordered by the court, an amicus curiae brief shall be served within the time prescribed for briefs of the party whose position is supported.

Commentary
This rule replaces former Rule 3.7(k) and expands the circumstances where amicus curiae briefs may be filed to recognize the power of the court to request amicus curiae briefs.

Rule 9.400 Costs and Attorney's Fees
(a) Costs. Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include:
(1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) bond premiums; and
(4) other costs permitted by law.
Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.
(b) Attorney's Fees. A motion for attorney's fees may be served not later than the time for service of the reply brief and shall state the grounds upon which recovery is sought. The assessment of attorney's fees may be remanded to the lower tribunal. If attorney's fees are assessed by the court, the lower tribunal may enforce payment.
(c) Review. Review of orders rendered pursuant to this rule shall be by motion filed in the court within 30 days of rendition.

Commentary
Section (a) replaces former Rules 3.16(a) and (b). It specifies allowable cost items according to the current practice. Item (3) is not intended to apply to bail bond premiums. Item (4) is intended to permit future flexibility. This rule provides that the prevailing party must move for costs in the lower tribunal within 30 days after issuance of the mandate.
Section (b) retains the substance of former Rule 3.16(e). The motion for attorney's fees must contain a statement of the legal basis for recovery. The elimination of the reference in the former rule to attorney's fees "allowable by law" is not intended to give a right to assessment of attorney's fees unless otherwise permitted by substantive law.
Section (c) replaces former Rules 3.16(c) and (d). It changes from 20 days to 30 days the time for filing a motion to review an assessment of costs or attorney's fees by a lower tribunal acting pursuant to order of the court.

Rule 9.410 Sanctions
After ten days' notice from the court, the following may be imposed for violation of these rules: reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorney's fees or other sanctions.

Commentary
This rule replaces former Rule 3.17. This rule specifies the penalties or sanctions which generally are imposed, but does not limit the sanctions available to the court. The only change in substance is that this rule provides for 10 days notice to the offending party prior to imposition of sanctions.

Rule 9.420 Filing; Service of Copies; Computation of Time
(a) Filing. Filing may be accomplished by filing with the clerk; provided that a justice or judge may accept the documents for filing, and shall note the filing date and *1014 forthwith transmit them to the office of the clerk.
(b) Service. All original papers shall be filed either before service or immediately thereafter. A copy of all documents filed pursuant to these rules shall, before filing or immediately thereafter, be served on each of the parties. In the event the parties are so numerous that this requirement is onerous, the court on motion may limit the number of copies to be served.

(c) Method and Proof of Service.

(1) Same; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (a) handing it to the attorney or to the party, or (b) leaving it at his office with his clerk or other person in charge thereof, or (c) if there is no one in charge, leaving it in a conspicuous place therein, or (d) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents. Service by mail shall be complete upon mailing.
(2) Certificate of Service. When any attorney shall certify in substance:
"I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this ____ day of ____, 19__.
 _____________
 Attorney"
the certificate shall be taken as prima facie proof of such service in compliance with these rules.
(d) Additional Time After Service by Mail. Whenever a party or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, five days shall be added to the prescribed period.
(e) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday or a holiday described below, in which event, the period shall run until the end of the next day that is neither a Saturday, Sunday or holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation. As used in this rule, holiday means:
(1) New Year's Day;
(2) Washington's Birthday, the third Monday in February;
(3) Good Friday;
(4) Memorial Day, the last Monday in May;
(5) Independence Day;
(6) Labor Day, the first Monday in September;
(7) Columbus Day, the second Monday in October;
(8) Veterans' Day;
(9) General Election Day;
(10) Thanksgiving Day, the fourth Thursday in November;
(11) Christmas Day;
(12) any statewide primary day;
(13) any Monday immediately following a Sunday upon which one of the foregoing holidays falls; and
(14) any other day when the clerk's office is closed.

Commentary
Section (a) replaces former Rule 3.4(a). The last sentence of former Rule 3.4(a) was eliminated as superfluous. The filing of papers with a judge or justice is permitted at the discretion of the judge or justice. The Advisory Committee recommends that the ability to file with a judge or justice be exercised only when necessary, and that care be taken not to discuss in any manner *1015 the merits of the document being filed. See, Fla.Bar Code of Prof. Resp., DR 7-110 (B); Fla.Bar Code Jud.Conduct, Canon 3(A)(4).
Section (b) replaces and simplifies former Rules 3.4(b)(5) and 3.6(i)(3). The substance of the last sentence of former Rule 3.4(b)(5) is preserved. It should be noted that except for the notices or petitions which invoke jurisdiction, these rules generally provide for service by a certain time rather than filing. Under this provision filing must be done prior to service or immediately thereafter. Emphasis has been placed on service in order to eliminate the hardship caused on parties by tardy service under the former rules and to eliminate the burden placed on the courts by motions for extension of time resulting from such tardy service. It is anticipated that tardy filing will occur less frequently under these rules than tardy service under the former rules since the parties are unlikely to act in a manner which would irritate the court. The manner for service and proof thereof is provided in section (c).
Section (d) replaces former Rule 3.4(b)(3) and provides that when a party or clerk is required or permitted to do an act within a prescribed time after service upon him, five days (instead of three days under the former rule) shall be added to the time if service is by mail.
Section (e) replaces former Rule 3.18 with no substantial change. "Holiday" is defined to include any day the clerk's office is closed whether or not done pursuant to order of the court. The holidays specifically listed have been included, even though many courts do not recognize them as holidays, in order to not place a burden on practitioners to check whether an individual court plans to observe a particular holiday.

Rule 9.430 Proceedings by Indigents
A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing his inability to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without prepayment of fees or costs in either the lower tribunal or the court or the giving of security therefor. If the motion is denied, the lower tribunal shall state in writing the reasons therefor. Review shall be by motion filed in the court.

Commentary
This rule governs the manner in which an indigent may proceed with an appeal without payment of fees or costs and without bond. Adverse rulings by the lower tribunal must state in writing the reasons for denial. Provision is made for review by motion. Such motion may be made without the filing of fees as long as a notice has been filed, the filing of fees not being jurisdictional. This rule is not intended to expand the rights of indigents to proceed with an appeal without payment of fees or costs. The existence of such rights is a matter governed by substantive law.

Rule 9.440 Attorneys
(a) Foreign Attorneys. Attorneys who are members in good standing of the bar of another jurisdiction may be permitted to appear in a proceeding if a motion to appear has been granted.
(b) Withdrawal of Attorneys. An attorney of record may be permitted to withdraw by order of the court. The attorney shall file a motion to withdraw, stating the reasons therefor and the client's address. A copy of the motion shall be served on the client.

Commentary
This rule replaces former Rule 2.3 with unnecessary subsections deleted. The deletion of former Rule 2.3(c) was not intended to authorize the practice of law by research aides or secretaries to any justice or judge or otherwise approve actions inconsistent with the high standards of ethical conduct expected of such persons.
Section (a) permits foreign attorneys to appear upon motion filed and granted at any time. See Fla.Bar Integr.Rule, art. II,  2. There is no requirement that the foreign attorney be from a jurisdiction giving a reciprocal right to members of The Florida Bar. This rule leaves disposition of *1016 motions to appear to the discretion of the court. Section (b) is intended to protect the rights of parties and attorneys, and the needs of the judicial system.
This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.

Rule 9.500 Advisory Opinions to Governor
(a) Filing. A request by the Governor for an advisory opinion from the justices of the Supreme Court on a question affecting his powers and duties shall be in writing. The original and seven copies shall be filed with the clerk of the Supreme Court.
(b) Procedure. As soon as practicable after the filing of the request, the justices shall determine:
(1) Whether the request is within the purview of Article IV, Section 1(c) of the Florida Constitution. If four justices concur that the question is not within that purview, the Governor shall be advised forthwith in writing and a copy shall be filed in the clerk's office.
(2) If the request is within the purview of Article IV, Section 1(c) of the Florida Constitution, the Court may permit persons whose substantial interests may be affected to be heard on the questions presented through briefs, oral argument, or both. If the Court determines to receive briefs or hear oral argument, it shall set the time for filing briefs, the date of argument and the time allotted. The Court may appoint amicus curiae and prescribe their duties.
(3) The justices shall file their opinions in the clerk's office. Copies shall be delivered to the Governor.

Commentary
This rule simplifies former Rule 2.1(h) without material change.

Rule 9.510 Certified Questions from Federal Courts
(a) Applicability. Upon either its own motion or that of a party, the Supreme Court of the United States or the United States Courts of Appeals may certify a question of law to the Supreme Court of Florida whenever the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida.
(b) Certificate. The certificate shall contain the style of the case, a statement of the facts showing the nature of the cause and the circumstances out of which the questions of law arise, and the questions of law to be answered. The certificate shall be prepared as directed by the federal court. It shall be certified to the Supreme Court of Florida by the clerk of the federal court.
(c) Record. The Supreme Court of Florida, in its discretion, may require copies of all or any portion of the record before the federal court to be filed where the record may be necessary to the determination of the cause.
(d) Briefs. The brief of the party designated by the federal court as the moving party shall be served within 20 days of the filing of the certificate. Additional briefs shall be served as prescribed by Rule 9.210.
(e) Costs. The costs of these proceedings shall be equally divided between the parties unless otherwise ordered by the court.

Commentary
This rule retains the substance of former Rule 4.61. Except for simplification of language, the only change from the former rule is that answer and reply briefs are governed by the same time schedule as other cases. It is contemplated that the federal courts will continue the current practice of directing the parties to present a stipulated statement of the facts.

Rule 9.520 Judicial Discipline, Removal Retirement and Suspension
(a) Filing. Any recommendation to the Supreme Court from the Judicial Qualifications Commission pursuant to Article V, Section 12 of the Florida Constitution shall be in writing. The original and seven copies shall be filed with the clerk of the Court, and a copy shall be served expeditiously on the justice or judge against whom action is sought.

(b) Procedure.

(1) Promptly upon the filing of a recommendation from the Commission, the Court *1017 shall determine whether the Commission's recommendation complies with all requirements of the Constitution and the Commission's Rules. Upon determining that the recommendation so complies, and unless the Court otherwise directs, an order shall issue directing the justice or judge to show cause in writing why the recommended action should not be taken.
(2) The justice or judge may file a response in writing within the time set by the Court in its order to show cause.
(3) If requested by the Commission, or by a justice or judge at the time of filing a response, the Court may allow oral argument on the Commission's recommendation.

Commentary
The rule is new, establishing the procedures to be followed when the Judicial Qualifications Commission recommends to the Supreme Court that any justice or judge be disciplined or temporarily suspended pursuant to Article V, Section 12, Florida Constitution, and the Commission's Rules 8 and 22. The rule essentially codifies current practice. See Inquiry Concerning a Judge, 347 So.2d 1024 (Fla. 1977).
Section (a) provides for the commencement of proceedings by the filing of formal charges recommending disciplinary or other authorized action against a justice or judge or, when formal charges are pending, a recommendation of temporary suspension. The original and seven copies must be filed with the clerk of the Court as required by Rule 9.210(h)(3), and a copy must be served on the justice or judge expeditiously.
Section (b) sets forth the procedures to be followed after a recommendation has been filed. Initially, the Court must determine that all requirements of the Constitution and the Commission's Rules have been met, including concurrence in the recommendation by the required number of members and conformity with Article V, Section 12(f), Florida Constitution, as to the grounds for the action recommended. If the recommendation is deemed valid in all respects, an order to show cause will issue unless the Court determines that extraordinary circumstances require action by the Court before an opportunity for response can be provided.
An order to show cause will specify the time within which a response may be filed. The length of the period provided may vary according to the nature of the charges, the severity of the recommendation, and any special circumstances of the particular case. The response may include a request for oral argument.

Rule 9.600 Jurisdiction of Lower Tribunal Pending Review
(a) Concurrent Jurisdiction. Prior to the time the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any procedural matter relating to the cause.
(b) Further Proceedings. When the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal.
(c) Dissolution of Marriage Actions. In dissolution of marriage actions the lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal, including costs and attorney's fees. Review of such orders shall be by motion filed in the court within 30 days of rendition. The receipt or payment of funds under an order awarding separate maintenance, child support or alimony shall not prejudice the rights of appeal of any party.

Commentary
This rule governs the jurisdiction of the lower tribunal during the pendency of review proceedings, except for interlocutory appeals. Where an interlocutory appeal is taken, the lower tribunal's jurisdiction is governed by Rule 9.130(f).
Section (b) replaces former Rule 3.8(a). It allows for continuation of various aspects of the proceeding in the lower tribunal, as may be allowed by the court, without a formal remand of the cause. This rule is *1018 intended to prevent unnecessary delays in the resolution of disputes.
Section (c) is derived from former Rule 3.8(b). It provides for jurisdiction in the lower tribunal to enter and enforce orders awarding separate maintenance, child support, alimony, temporary suit money and attorney's fees. Such orders may be reviewed by motion.

 Rule 9.700 Guide to Times for Acts Under Rules
---------------------------------------------------------------------------
 | 9.110 | 9.130 | 9.140 |
TIME FOR COMMENCEMENT | Appeals | Non-Final | Criminal |
FROM RENDITION OF | | | Defendant State |
ORDER | 30 days | 30 days | (30 days) (15 days) |
-----------------------|---------------|-----------|-----------------------|
Filing of Notice: | 0 | 0 | 0 | 0 |
-----------------------|---------------|-----------|-----------|-----------|
Designation of Record: | 10 | - | 10 | within |
 | | | | filing |
-----------------------|---------------|-----------|-----------|-----------|
Cross Designation of | | | | |
Record by Appellee or | | | | |
Cross Appellant: | 20 | - | 20 | 10 |
-----------------------|---------------|-----------|-----------|-----------|
Designation by Cross | | | | |
Appellee: | 30 | | | |
-----------------------|---------------|-----------|-----------|-----------|
Brief on Jurisdiction: | | | | |
-----------------------|---------------|-----------|-----------|-----------|
Answer Brief on ": | | - | | |
-----------------------|---------------|-----------|-----------|-----------|
Reply Brief on ": | | - | | |
-----------------------|---------------|-----------|-----------|-----------|
Court Reporter to[*] | 40 | | | |
Deliver Transcript of | (appellant's) | | | |
Proceedings to Clerk: | 50 | | | |
 | (appellee's) | - | 40 | 50 |
-----------------------|---------------|-----------|-----------|-----------|
Record & Index[*] | | | | |
Prepared: | 50 | - | 50 | 50 |
-----------------------|---------------|-----------|-----------|-----------|
Record Served: | - | - | 50 | 50 |
-----------------------|---------------|-----------|-----------|-----------|
Initial Brief[*] | | | | |
Filed: | 70 | 15 | 80 | 80 |
-----------------------|---------------|-----------|-----------|-----------|
Answer Brief[*] | | | | |
Filed: | 90 | 35 | 100 | 100 |
-----------------------|---------------|-----------|-----------|-----------|
Reply Brief Filed[*] | 110 | 55 | 120 | 120 |
-----------------------|---------------|-----------|-----------|-----------|
Cross Reply Brief | | | | |
Filed: | 140 | | | |
-----------------------|---------------|-----------|-----------|-----------|
Record[**] | | | | |
Transmitted: | 110 | - | - | - |
----------------------------------------------------------------------------
----------------------------------------------------
 | 9.120
TIME FOR COMMENCEMENT | Constitutional
FROM RENDITION OF | Certiorari
ORDER | 30 days
-----------------------|----------------------------
Filing of Notice: | 0
-----------------------|----------------------------
Designation of Record: |
-----------------------|----------------------------
Cross Designation of |
Record by Appellee or |
Cross Appellant: |
-----------------------|----------------------------
Designation by Cross |
Appellee: |
-----------------------|----------------------------
Brief on Jurisdiction: | 10 |
-----------------------|-----------|----------------
Answer Brief on ": | 30 > if applicable
-----------------------|-----------|----------------
Reply Brief on ": | 40 |
-----------------------|----------------------------
Court Reporter to[*] |
Deliver Transcript of |
Proceedings to Clerk: | from order on jurisdiction
-----------------------|----------------------------
Record & Index[*] |
Prepared: | 60
-----------------------|----------------------------
Record Served: | -
-----------------------|----------------------------
Initial Brief[*] |
Filed: | 20
-----------------------|----------------------------
Answer Brief[*] |
Filed: | 40
-----------------------|----------------------------
Reply Brief[*] |
Filed: | 60
-----------------------|----------------------------
Cross Reply Brief |
Filed: |
-----------------------|----------------------------
Record[**] |
Transmitted: | 60
----------------------------------------------------

*1019 Commentary
This chart provides a visual guide to the times within which the various acts are required to be performed under these rules. It may not be relied upon or cited as a basis for relief from any mistake, however, as it is provided solely to facilitate convenient reference by the affected parties. All time computation, whether jurisdictional or otherwise, must be determined from the text of the applicable rules.

Rule 9.800 Uniform Citation System
Except for citations to case reporters, all citation forms should be spelled out in full when used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used whenever the citation is intended to stand alone either in the text or in footnotes.

(a) Florida Supreme Court:

(1) 1846-1886: Livington v. L'Engle, 22 Fla. 427 (1886).
(2) 1887-1948: Hanna v. Martin, 160 Fla. 967, 37 So.2d 579 (1948). (This is the last case for parallel citation).
(3) 1948-date: Sullivan v. State, 303 So.2d 632 (Fla. 1974).

(b) Florida District Courts of Appeal:

Schmauss v. Snoll, 245 So.2d 112 (Fla. 3d DCA 1971).

(c) Florida Circuit Courts and County Courts:

(1) Whidden v. Francis, 27 Fla. Supp. 80 (Fla. 11th Cir. Ct. 1966).
(2) State v. Alvarez, 42 Fla. Supp. 83 (Fla. Dade Cty. Ct. 1975).

(d) Florida Constitution:

Art. V,  3(b)(3), Fla. Const.
[Year of adoption should be given whenever necessary to avoid confusion.]

(e) Florida Statutes (official):

 350.34, Fla. Stat. (1973).
 120.53, Fla. Stat. (Supp. 1974).

(f) Florida Statutes Annotated:

32 Fla. Stat. Ann. 116 (Supp. 1975).
[To be used only for court-adopted rules, or references to other non-statutory materials which do not appear in an official publication.]
(g) Florida Laws (not in Fla. Stat. or when desired for clarity or adoption reference):
(1) After 1956: Ch. 74-177,  5, Laws of Fla.
(2) Before 1957: Ch. 22000, Laws of Fla. (1943).

(h) Florida Rules:

Fla.R.Civ.P. 1.180.
Fla.R.Crim.P. 3.850.
Fla.R.P. & G.P. 5.120.
Fla.R.Traf.Ct. 6.17.
Fla.R.Summ.P. 7.070.
Fla.R.Juv.P. 8.070.
Fla.R.App.P. 9.100.
Fla.R.Med.P. 20.190.
Fla.W.C.R.P. 8(b).
Fla. Admin. Code Rule 8H-3.02.
Fla.Bar Code Jud.Conduct, Canon 5B.
Fla.Bar Code Prof.Resp., D.R. 1-101(A).
Fla.Bar Found.By-laws, art. 2.18(b).
Fla.Bar Found.Charter, art. 3.4.
Fla.Bar Integr.Rule, art. XI, Rule 11.09.
Fla.Bar Integr.Rule By-laws, art. VI,  2.
Fla.Bd.Bar Exam.Rule III.
Fla.Jud.Qual.Comm'n Rule 9.
Fla.Std.Jury Instr. (Civ.) 6.4(c).
Fla.Std.Jury Instr. (Crim.) 2.10(a).
Fla.Sup.Ct.Bar Admiss.Rule, art. III.
Fla.Trans.Rule 2.

(i) Florida Attorney General Opinions:

1973 Op. Att'y Gen. Fla. 073-178 (May 22, 1973).

(j) United States Supreme Court:

Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

(k) Federal Courts of Appeals:

Gulf Oil Corp. v. Bivins, 276 F.2d 753 (5th Cir.1960).

(l) Federal District Courts:

Pugh v. Rainwater, 332 F. Supp. 1107 (S.D.Fla. 1972).
(m) Other Citations. All other citations shall be in the form prescribed by A Uniform System of Citation, The Harvard Law Review Association. Gannett House, Cambridge, Mass. 02138.
(n) Case Names. Case names shall be underscored (or italicized), except in footnotes.

*1020 Commentary
This rule is new and is included in order to standardize appellate practice and ease the burdens on the courts. It is the duty of each litigant and counsel to assist the judicial system by use of these standard forms of citation. Use of these citation forms, however, has not been made mandatory.
 Rule 9.900 Forms
(a)
 IN THE CIRCUIT COURT OF THE 18TH
 JUDICIAL CIRCUIT IN AND FOR BREVARD
 COUNTY, FLORIDA
 CASE NO. 77-1234
A.B., :
 Defendant, Appellant, :
vs. : NOTICE
C.D., :
 Plaintiff, Appellee. :
_____________________________________:
NOTICE IS HEREBY GIVEN that A.B., Defendant, Appellant, appeals to the District Court of Appeal, Fourth District of Florida, the Order of this Court rendered February 28, 1978, rehearing denied on March 30, 1978. The nature of the order is a final order ...
 /S/
 ------------------------------
 Counsel for A.B.
 [Address]
 [Telephone Number]
(b)
 IN THE DISTRICT COURT OF APPEAL
 OF THE FOURTH DISTRICT OF FLORIDA
 CASE NO. 77-5768
A.B., :
 Plaintiff, Petitioner, :
vs. : NOTICE
C.D., :
 Defendant, Respondent. :
_____________________________________:
NOTICE IS HEREBY GIVEN that A.B., Plaintiff, Petitioner, invokes the certiorari jurisdiction of the Supreme Court to review the decision of this Court rendered April 30, 1978.
The decision affects a class of constitutional or state officers.
 /S/
 -------------------------------
 Counsel for A.B.
 [Address]
 [Telephone Number]
NOTES
[*] If cross appeal is filed, times are extended by 10 days.
[**] If cross appeal: 140 days